Paul **MICHALIC**, Petitioner,

v.

**UNITED STATES POSTAL SERVICE,** Respondent.

No. 01–3360.

United States Court of Appeals, Federal Circuit.

Dec. 10, 2001.

Before LOURIE, RADER, and GAJARSA, Circuit Judges.

PER CURIAM.

The Merit Systems Protection Board (Board) dismissed Paul Michalic's appeal for lack of jurisdiction. *Michalic v. United States Postal Serv.*, No. BN–0752–01–0086–I–1, slip op. at 11 (M.S.P.B. May 30, 2001) (*Initial Decision*). Mr. Michalic had sought to appeal a decision of the United States Postal Service, Wallingford, Connecticut, to remove him from his position as a Supervisor, Distribution, based on a violation of a last chance agreement (LCA). Because Mr. Michalic waived his right to appeal to the Board in the LCA, this court *affirms*.

## I.

Before his removal on January 11, 2001, Mr. Michalic worked as an EAS–16 Supervisor in Distribution for the Postal Service in Wallingford, Connecticut. In a letter sent to him on February 10, 2000, the Postal Service proposed to remove Mr. Michalic for absences without leave (AWOLs) between November 1999 and January 2000. The letter notified Mr. Michalic that the Postal Service proposed to

remove him from employment no sooner than thirty calendar days after he received the letter.

On April 12, 2000, approximately two months after the Postal Service issued the notice of proposed removal, Mr. Michalic and the Postal Service entered into a LCA. In the LCA, the Postal Service agreed to hold in abeyance the proposed removal for a review period of twelve months, as long as Mr. Michalic agreed to be regular in attendance. Specifically, Mr. Michalic confirmed his understanding that he could be removed if he had more than three instances of tardiness or absences (unscheduled) within any six-month period. Mr. Michalic also stated that he understood that "[a]ny AWOL during the review period will be cause to implement the removal." Finally, Mr. Michalic agreed that:

I clearly understand the last chance opportunity agreement ... and fully agree with the terms of the settlement. By this agreement I, of my own free will, waive my right to the Grievance (650), MSPB and Equal Employment Opportunity procedures for the period of my review as it relates to this settlement.

After entering the LCA, Mr. Michalic was absent at least three times within a six-month period (September 30 and October 7, 2000, January 2, 2001). On one occasion, he was AWOL (December 5, 2000). Consequently, based on a violation of the LCA, the Postal Service removed Mr. Michalic on January 11, 2001. Soon after, Mr. Michalic appealed his removal to the Board.

According to the Board, Mr. Michalic did not allege bad faith by the Postal Service, or that the Postal Service violated the LCA. *Initial Decision*, slip op. at 6. Instead, Mr. Michalic argued that he did not waive his right to Board appeal of any removal decision based on his violation of the LCA. Based on the plain language of the LCA itself, however, the Board deter-

mined that Mr. Michalic understood exactly what rights he was waiving, and that his LCA waived his right to appeal to the Board. *Initial Decision*, slip op. at 8.

Mr. Michalic also argued that his attendance failed because he was in the midst of a bitter divorce, which now was behind him. He also stated that he had extenuating circumstances for his attendance failure on December 5, 2000 (the AWOL date). The Board nonetheless determined that the unrebutted record indicated that he had more than three unscheduled absences within a six-month period, and was AWOL on December 5, 2000. The Board noted that the AWOL, by itself, was a violation of the LCA. Moreover, the LCA did not provide for any exceptions for absences due to AWOL. Thus, the Board found that Mr. Michalic violated the LCA. Consequently, the Board concluded that the Postal Service was entitled to enforce the LCA and take removal action. Because Mr. Michalic waived his appeal of that removal in the LCA, the Board dismissed his appeal for lack of jurisdiction.

On appeal to this court, Mr. Michalic argues, apparently for the first time, citing "Connecticut Labor Law and Postal policies," that he was coerced into signing the LCA under threat of losing his job. Mr. Michalic also argues that the Board failed to conduct an investigation that he requested regarding his discipline record, or address his inquiry as to why other employees who "committed crimes" were transferred rather than removed. This court has jurisdiction to review the Board's dismissal under 28 U.S.C. § 1295(a)(9) (1994).

II.

■ Title 5 requires this court to sustain the Board's decisions unless they are arbitrary, capricious, not in accordance with law, obtained without procedures re-

quired by rule, law, or regulation, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); *Hayes v. Dep't of Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984). The Board's determination of its jurisdiction to adjudicate a particular appeal is a question of law, which this court reviews without deference. *Herman v. Dep't of Justice,* 193 F.3d 1375, 1378 (Fed.Cir. 1999); *Middleton v. Dep't of Defense,* 185 F.3d 1374, 1379 (Fed.Cir.1999). A party appealing to the Board has the burden of proving, by a preponderance of the evidence, that the Board has jurisdiction. *Forest v. Merit Sys. Prot. Bd.,* 47 F.3d 409, 410 (Fed.Cir.1995); 5 C.F.R. § 1201.56(a)(2) (2001).

■ A federal employee can waive his right to appeal his termination to the Board in a settlement agreement. *Gibson v. Dep't of Veterans Affairs,* 160 F.3d 722, 725 (Fed.Cir.1998); *Stewart v. United States Postal Serv.,* 926 F.2d 1146, 1148 (Fed.Cir.1991); *McCall v. United States Postal Serv.,* 839 F.2d 664, 667 (Fed.Cir. 1988). The Board enforces such agreements unless obtained under fraud, duress or confusion. *Gibson,* 160 F.3d at 725; *see also Link v. Dep't of Treasury,* 51 F.3d 1577, 1582 (Fed.Cir.1995).

■ As an initial matter, the Board expressly states that, in his appeal to the Board, Mr. Michalic did not allege bad faith on the part of the Postal Service. *Initial Decision,* slip op. at 6. In other words, the record indicates that Mr. Michalic did not argue to the Board that he was under duress when he signed the LCA. Appellants from a Board decision may not raise arguments for the first time on appeal to this court. *Kachanis v. Dep't of Treasury,* 212 F.3d 1289, 1293 (Fed.Cir. 2000); *Wallace v. Dep't of the Air Force,* 879 F.2d 829, 832 (Fed.Cir.1989).

■ Even assuming Mr. Michalic properly raised his arguments before the Board, the Board properly dismissed Mr.

Michalic's appeal for lack of jurisdiction. A voluntarily entered waiver provision in a last chance agreement deprives the Board of jurisdiction unless the employee raises a non-frivolous issue regarding compliance with the agreement. *Stewart v. United States Postal Serv.,* 926 F.2d 1146, 1148 (Fed.Cir.1991). Here, the Board found that Mr. Michalic did not make a prima facie showing that he complied with the LCA while the Postal Service breached it, or that he did not voluntarily enter into the LCA, or that the agreement was the result of fraud or mutual mistake.

Mr. Michalic unequivocally signed the LCA, which clearly stated that he fully agreed with the terms of the settlement and that he, of his "own free will," waived his right to Board procedures for the period of his review, i.e., the twelve-month period after April 12, 2000. Mr. Michalic has not demonstrated that his decision to enter into this agreement was involuntary or that he was incompetent at the time he signed it. "The fact that an employee is faced with an inherently unpleasant situation or that his choice is limited to two unpleasant alternatives does not make an employee's decision any less voluntary." *Covington v. Dep't of Health & Human Servs.,* 750 F.2d 937, 942 (Fed.Cir.1984).

■ This court detects no error in the Board's conclusion that it lacked jurisdiction. Mr. Michalic offered no evidence of duress, bad faith or breach by the Postal Service. Thus, Mr. Michalic waived his right to appeal to the Board when he signed the LCA. In addition, because the Board did not have jurisdiction over his appeal regarding the LCA, it had no basis to consider any potential allegations of discrimination. An allegation of discrimination standing alone does not provide an independent ground for appeal to the Board. *Cruz v. Dep't of Navy,* 934 F.2d 1240, 1245, 1247–48 (Fed.Cir.1991).

Because the Board properly dismissed Mr. Michalic's appeal for lack of jurisdiction, this court affirms.