NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3218

BARRY STEVEN KOHL,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:    November 5, 2004

_____

Before NEWMAN, BRYSON and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Petitioner Barry Kohl ("Kohl") petitions for review of the final decision of the Merit Systems Protection Board ("Board"), upholding his removal from the United States Postal Service ("USPS").  We <u>affirm</u>.

BACKGROUND

Kohl was employed as a Detached Mail Unit Clerk with the USPS.  Based on complaints about his erratic behavior, including two anonymous complaints, the USPS required Kohl to undergo three psychiatric examinations.  All three examinations resulted in a finding of paranoid personality disorder.

The first examination, conducted by Dr. Noel Lustic, diagnosed paranoid personality disorder and a delusional disorder.  Dr. Lustic concluded that "Kohl is a

danger. . . . [T]here will be an increasing difficulty in getting him to take orders. . . . [Kohl] is a danger to his supervisors. If he is frustrated in his elaborate system of complaints, he is liable to attack someone. . . . Kohl should be taken off work for being potentially dangerous." (Resp't App. at 44.)

The second examination, conducted by Dr. Oscar Pakier, diagnosed Kohl with paranoid personality disorder, obsessive compulsive personality disorder, and an adjustment disorder of unspecified type. Dr. Pakier concluded that it was "not likely" that Kohl would become violent, and that Kohl would more likely respond to disputes through litigation rather than violence. Nonetheless, Dr. Pakier acknowledged that Kohl "may be intimidating to others" (id. at 51), and that "Kohl would feel very uncomfortable going back to the work situation" (id. at 52). He concluded that "another work situation would be more appropriate." (Id.)

The third examination, conducted by Dr. Solomon Perlo, again diagnosed paranoid personality disorder. Dr. Perlo found that there was no significant risk of violent behavior by Kohl, because "Kohl is able to get his needs met . . . with his effective, intimidating letter writing and verbal protests." (Id. at 60.) Dr. Perlo concluded that Kohl's "workplace behavior will not change and that the difficulties which led up to this . . . examination will remain. . . . Kohl is not fit for duty because of his maladaptive paranoid interpersonal traits and impaired coping and communication skills." (Id. at 64.)

After the three evaluations, the USPS determined that Kohl was medically unfit for duty. Specifically, the USPS determined that Kohl was "maladaptive and not amenable to treatment," and would not relent in his "generally obnoxious and derogatory manner." (Id. at 68.) After being advised of his eligibility to apply for

disability retirement, Kohl was separated from the USPS on July 6, 2002. Kohl appealed his separation to the Board, alleging that his removal was unreasonable, discriminatory, and in retaliation for prior claims of discrimination. He also alleged that the USPS had deprived him of due process.

The administrative judge rejected all of Kohl's claims and upheld the USPS' decision to remove Kohl. Kohl v. United States Postal Service, No. SF-0752020566-I-1 (M.S.P.B Dec. 16, 2002). The administrative judge found that both the medical evidence and the testimony of agency employees established that Kohl's "condition and his resulting actions led to frequent intimidation of others, including his co-workers and supervisors, and was extremely disruptive in the workplace." (Resp't App. at 15.) The administrative judge concluded that "the ability to co-exist with others in the workplace and avoid excessive conflict, to follow supervisory orders, and to avoid causing frequent disruption are requirements of [Kohl's] position" and that Kohl "is unable to meet the requirements of his position, or any other position in the Postal Service, and that there is a nexus between his removal and the efficiency of the service." (Id. at 17-18.) The full Board denied his petition for review. Kohl v. United States Postal Service, No. SF-0752020566-I-1 (M.S.P.B. Mar. 19, 2004).

Kohl petitions this court for review of the Board's decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our review of the Board is limited. The Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation; or

unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); <u>Yates v. Merit Sys. Prot. Bd.</u>, 145 F.3d 1480, 1483 (Fed. Cir. 1998).

I

The USPS is authorized to make a removal that promotes the efficiency of the service. 5 U.S.C. § 7513 (2000). Here, the agency determined that Kohl's position required constant contact with customers and other employees, and Kohl's medical condition deprived him of the ability to work with others. After a hearing, the Board upheld these findings and on this basis sustained Kohl's removal.

There is substantial evidence in the record to suggest that Kohl's position brings him into contact with customers and coworkers. <u>See, e.g.</u>, (Resp't App. at 108, 122-23.) The medical reports provide substantial evidence that Kohl's medical condition renders him unable to work cooperatively with others. At the Board hearing Kohl's coworkers testified that they were intimidated by and feared Kohl's verbal attacks. The administrative judge found that "the record is replete with evidence . . . that [Kohl's] condition manifested itself in frequent threats to co-workers and supervisors and attempts at intimidation. . . . [S]everal agency witnesses admitted that they feared interacting with [Kohl] because it might make them the target of his letter-writing campaigns and litigation, and they credibly related incidents in which other agency employees expressed their fear of [Kohl]." (Resp't App. at 16-17.) The finding that removing Kohl would promote the efficiency of the USPS is therefore supported by substantial evidence.

II

Kohl contends that he was removed in retaliation for prior claims of discrimination. There is no dispute here that Kohl had filed a prior discrimination complaint, which was settled without litigation. The Board credited the testimony of USPS employees that the USPS requested the fitness for duty examination due to Kohl's interactions with colleagues and customers, and consequently removed Kohl due to his medical condition. The Board thus found that the prior discrimination complaint was not a contributing factor in the USPS' actions. (Resp't App. at 22-24.) The Board's finding that Kohl was not removed for improper reasons is supported by substantial evidence.

Kohl also claims that his removal is unduly harsh and unreasonable given that another employee, Ms. Lucy Collura, had also been a "disciplinary problem." (Pet'r Br. at 4.) Our review of the reasonableness of a Board determination of penalty is exceedingly deferential. Lachance v. Devall, 178 F.3d 1246, 1257 (Fed. Cir. 1999). Unevenness of a penalty as compared to other employees is only relevant where the disparate treatment leads to a conclusion of willful discrimination. Facer v. Dep't of the Air Force, 836 F.2d 535, 539 (Fed. Cir. 1988). There has been no adequate showing here of disparate treatment to justify an inference of willful discrimination. Therefore, the Board's conclusion that removal was appropriate must be sustained.

III

Kohl raises a number of constitutional claims. He argues that he was deprived of his freedom of speech in contravention of the First Amendment, that he was denied Due

Process in contravention of the Fifth Amendment, and that his removal constitutes cruel and unusual punishment in contravention of the Eighth Amendment.

Kohl's First Amendment claim is without merit. Kohl claims that the USPS sent him to the fitness for duty examinations and removed him because he wrote letters. (Pet'r Br. at 10.) The administrative judge found that Kohl's hostile letter-writing campaigns disrupted the workplace and caused fear in other employees. (Resp't App. at 16-17.) The First Amendment does not require an agency to tolerate letters that disrupt a government workplace and intimidate other employees. Connick v. Myers, 461 U.S. 138, 154 (1983).

Kohl's Eighth Amendment claim is without merit. The Eighth Amendment is directed only to the actions of "those entrusted with the criminal-law function of government." Whitley v. Albers, 475 U.S. 312, 318 (1986) (quoting Ingraham v. Wright, 430 U.S. 651, 664 (1977)). Removal is not a criminal punishment.

Kohl argues that he was deprived of due process because the agency's notice of proposed separation did not specifically state that his coworkers were intimidated by him, a finding that was essential to the Board's affirmance of his removal. A notice of proposed action should state the specific reasons for the proposed action. 5 U.S.C. § 7513(b)(1). A notice is sufficient when it apprises the employee of the nature of the charges "in sufficient detail to allow the employee to make an informed reply." Brewer v. USPS, 647 F.2d 1093, 1097 (Ct. Cl. 1981) (internal quotations omitted). A notice does not need to include "explicitly every element of every charge underlying the proposed action." Brook v. Corrado, 999 F.2d 523, 526-27 (Fed. Cir. 1993). Here, the notice referred Kohl to the letters he had written, a conversation with another employee

04-3218                                    6

that made her feel "very uneasy," and the results of the psychiatric examinations. (Resp't App. at 66-68.)   This is plainly sufficient detail for Kohl to have made an informed reply.

Kohl also argues that he was deprived of due process because the USPS did not provide him with the names of two employees who had written anonymous letters that contributed to the USPS' sending Kohl to a psychiatric examination.  Kohl cites no authority, and we can find none, requiring that an agency identify the accusers before sending an employee to a psychiatric examination.  Moreover, the Board's finding that the USPS would have subjected Kohl to the psychiatric examinations and removed him even absent those anonymous letters is supported by substantial evidence.

Finally, Kohl alleges an ex parte communication between the administrative judge and the opposing counsel.   The allegation concerns a "brief scheduling conversation" between the administrative judge and the opposing counsel as reflected in a facsimile dated September 17, 2002.  (Resp't App. at 74.)  This is technically an ex parte communication because it occurred without the knowledge or consent of Kohl. However, there is no evidence that the communication concerned the merits of the case, which is all that is forbidden by 5 C.F.R. § 1201.102.  "As a general rule, we frown upon any communication between a judge and any party to litigation pending before that judge, when the communication occurs outside the presence of the other party . . . and concerns a substantive matter. However . . . , it is well-established that an ex parte communication which does not concern the merits of the case is permissible."  Drobny v. Comm'r, 113 F.3d 670, 680 (7th Cir. 1997) (emphasis omitted).  There has been no denial of due process.

## CONCLUSION

For the foregoing reasons, the Board's decision is affirmed.

## COSTS

No costs.