NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**DAVID NOBLE, JR.,**
*Petitioner,*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2013-3045

---

Petition for review of the Merit Systems Protection Board in Nos. DC0752110880-I-1 and DC0752120054-I-1.

---

Decided: September 18, 2013

---

DAVID NOBLE, JR., of Gaithersburg, Maryland, pro se.

MARTIN M. TOMLINSON, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before DYK, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

David Noble, Jr. petitions for review of a final decision of the Merit Systems Protection Board that upheld his removal from his job with the United States Postal Service. Because the Board did not abuse its discretion or otherwise err, we affirm the Board's decision.

BACKGROUND

Mr. Noble worked as a letter carrier for the Postal Service. In December 2010, he stopped regularly reporting for work. The Postal Service sent him a letter on January 31, 2011, informing him that, according to its records, he had been Absent Without Leave since December 14, 2010. The letter said that it served as "official notice for [Mr. Noble] to report to work or provide appropriate medical documentation no later than five (5) days from receipt of this letter" and that failure to comply with those instructions could result in disciplinary action, including removal from the Postal Service. Mr. Noble responded with a letter dated February 8, 2011, disagreeing that he had been AWOL since December 14. He stated that (1) he had reported for work on December 26, 2010, and January 13, 2011, and (2) he had submitted a request for medical leave for the period January 1, 2011, to January 12, 2011, which his supervisor had approved on January 13th. He also asserted that his absence since January 13th was justified: "I have been constructively suspended from employment because [my] management team and other management representatives have made my working conditions completely intolerable."

On February 16, 2011, the Postal Service contacted Mr. Noble to schedule an investigatory interview "to afford [him] an opportunity to explain why [he had] been absent without approved leave since January 14, 2011." The interview occurred on February 23rd. It did not go

smoothly. Mr. Noble left before it ended, asserting that he would return only after the Postal Service corrected some of the working conditions that he said caused his constructive suspension.

On March 3rd, Mr. Noble's supervisor, Bill French, recommended his removal, listing "Attendance Issues – AWOL" as the reason for his recommendation. That same day, the Postal Service provided Mr. Noble another letter, again providing notice that Mr. Noble would be considered AWOL, and face possible disciplinary action, if, within five days, he did not report to work or provide medical documentation justifying his continued absence. On April 28th, the Postal Service sent him a "Notice of Proposed Removal" based on his absence from work since February 24th. Mr. Noble did not respond to the "Notice of Proposed Removal"; the Postal Service officially removed him from employment in July 2011.

Mr. Noble appealed his removal to the MSPB. On December 14, 2011, an administrative judge upheld the removal, finding that the Postal Service established that Mr. Noble was AWOL. The administrative judge rejected Mr. Noble's argument that he was not AWOL but, rather, constructively suspended by intolerable working conditions. In the decision, the administrative judge treated the argument as an affirmative defense in Mr. Noble's removal appeal, but later granted his request to try to litigate it as a separate appeal. On February 24, 2012, the administrative judge dismissed the separate constructive-suspension appeal as untimely. Subsequently, Mr. Noble petitioned the Board for review of the administrative judge's decisions in both the removal appeal and the constructive-suspension appeal.

On October 25, 2012, the Board issued a final order that both upheld Mr. Noble's removal and dismissed the constructive-suspension appeal for lack of jurisdiction. The Board considered all of Mr. Noble's allegations and

determined that the administrative judge made no error that affected the outcome of the removal appeal. The Board modified the administrative judge's decision, but only to indicate that the Postal Service justifiably rested Mr. Noble's removal entirely on his AWOL status after February 24, 2011, not on any earlier irregular attendance at work. *Noble v. U.S. Postal Serv.*, No. DC-0752-11-0880-I-1, slip op. at 4-5 (M.S.P.B Oct. 25, 2012). For Mr. Noble's constructive-suspension appeal, the Board ruled that the administrative judge erred in dismissing the appeal as untimely. Instead, it concluded that Mr. Noble failed to demonstrate that Postal Service conditions were so severe that a reasonable person would not come to work and, therefore, did not amount to a constructive suspension within the Board's jurisdiction.

Mr. Noble timely petitioned for review by this court under 5 U.S.C. § 7703. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our review is limited by statute. We must affirm the Board's decision in this case unless the decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Carreon v. Office of Pers. Mgmt.*, 321 F.3d 1128, 1130 (Fed. Cir. 2003). We find none of these defects.

The sole charge against Mr. Noble was that he was AWOL from the Postal Service beginning on February 24, 2011. "In order to prove a charge of AWOL, an agency must show by preponderant evidence that the employee was absent, and that his absence was not authorized or that his request for leave was properly denied." *Wesley v. U.S. Postal Serv.*, 94 M.S.P.R. 277, 283 (2003). Mr. Noble does not dispute that he was absent from work after February 24, 2011. He does argue that certain pay stubs

and a Notification of Personnel Action show that he was on an *authorized* long-term leave without pay (LWOP). Brief for Appellant at 27-28. But Mr. Noble's supervisor testified that, when an employee is AWOL, his pay stubs will always say "LWOP" because the computer system used for these purposes does not have an AWOL column. The Board found that the Notification of Personnel Action, by itself, "does not outweigh the other considerable evidence of his AWOL status," including the testimony of several of Mr. Noble's supervisors and his time and attendance records. *Noble v. U.S. Postal Serv.*, No. DC-0752-11-0880-I-1, slip op. at 4 (M.S.P.B Oct. 25, 2012). We see no evidentiary or other error in that determination. *See* 5 U.S.C. § 7703.

Nor do we see error in the Board's determination that removal was an appropriate penalty for Mr. Noble's unauthorized absence. After fully considering Mr. Noble's arguments to the contrary, the Board concluded that he failed to establish either (1) that his collective-bargaining agreement prohibited the Postal Service from removing him until after it had tried less severe measures or (2) that the Postal Service treated him differently from a similarly situated employee, Mr. Poe, who also was AWOL but was not removed. Substantial evidence supports both determinations. *See* 5 U.S.C. § 7703.

First, Mr. Noble relies for his progressive-discipline argument on Article 16 of the applicable collective-bargaining agreement, which provides generally that discipline must be corrective rather than punitive. He recognizes, however, that the provision, whatever it requires, applies only to "most" offenses, not all. Brief for Appellant at 33. The collective-bargaining agreement does not preclude the immediate removal of an employee who engages in serious misconduct, as long as the "agency [can] show that the penalty imposed will increase the efficiency of the service and that it is not arbitrary or capricious." *Graybill v. U.S. Postal Serv.*, 782 F.2d 1567,

1574 (Fed. Cir. 1986); *see also Thomas v. Dep't of Def.*, 66 M.S.P.R. 546, 553 (1995). The administrative judge found, and the Board affirmed, that Mr. Noble's AWOL status warranted removal. *Noble v. U.S. Postal Serv.*, No. DC-0752-11-0880-I-1, slip op. at 5 (M.S.P.B Oct. 25, 2012). Because an employee's AWOL status "seriously impede[s] the function of an agency" by "impos[ing] burdens on other employees and, if tolerated, destroy[ing] the morale of those who meet their obligations," *Davis v. Veterans Admin.*, 792 F.2d 1111, 1113 (Fed. Cir. 1986), substantial evidence supports the Board's determination that removal was a reasonable penalty.

Second, to establish that the Postal Service engaged in improper disparate treatment in removing him, Mr. Noble had to establish sufficient similarity of circumstances but disparity of treatment. The Board found the evidence insufficient to do so. Mr. Noble testified that another employee in his work area, Leonard Poe, was not removed despite being AWOL on some occasions, but other testimony left the length of his absences and surrounding circumstances uncertain. In these circumstances, the Board could conclude that Mr. Noble had not sufficiently established the premise for his disparate treatment claim. *See Facer v. Dep't of the Air Force*, 836 F.2d 535, 539 (Fed. Cir. 1988) (inference of willful disparity required); *Kohl v. U.S. Postal Serv.*, 115 F. App'x 49, 52 (Fed. Cir. 2004).

The Board also did not err in dismissing Mr. Noble's constructive-suspension appeal for lack of jurisdiction. The Board ruled that Mr. Noble was not subjected to an appealable action, and thus it had no jurisdiction, because Mr. Noble "ha[d] not shown that the actions the agency took were so harassing or so severe as to compel a reasonable person in his position to absent himself and remain absent." *Noble v. U.S. Postal Serv.*, No. DC-0752-11-0880-I-1, slip op. at 9-10 (M.S.P.B Oct. 25, 2012). For example, the administrative judge found, and the Board affirmed,

that the evidence did not support Mr. Noble's assertion that the Postal Service failed to follow his physician's recommendations regarding work limitations. Under our limited standard of review, and given the presumption of voluntariness, we cannot say that the Board erred in finding that this objective standard of intolerability— which requires more than a choice between two unpleasant alternatives, *Schultz v. U.S. Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987)—was not met by Mr. Noble's array of complaints, some of them not contemporaneous with the time he stopped coming to work.

Nor do we think that Mr. Noble lacked an adequate opportunity to establish that his working conditions were objectively intolerable. In this case, "at the hearing on [Mr. Noble's] removal, witnesses testified at length about the issues related to [his] constructive suspension." *Noble v. U.S. Postal Serv.*, No. DC-0752-11-0880-I-1, slip op. at 9 (M.S.P.B Oct. 25, 2012). Further, as evidenced by his prior declaration addressing the issue, at the hearing Mr. Noble was fully aware of the correct legal standard and the burden he carried to establish Board jurisdiction.

Mr. Noble raises numerous other challenges to the Board's decision upholding his removal, including that the administrative judge should have recused himself, that the administrative judge abused his discretion by interfering with discovery, and that both the Board and the administrative judge made prejudicial errors of fact. We find none of those arguments to require disturbing the Board's decision.

The decision of the Board is affirmed.

No costs.

**AFFIRMED**