NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAUL J. BISHOP,**
*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent*

---

2017-1892

---

Petition for review of the Merit Systems Protection Board in No. NY-1221-17-0092-W-1.

---

Decided: October 4, 2017

---

PAUL J. BISHOP, Hillsborough, NJ, pro se.

MICHAEL DUANE AUSTIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., ELIZABETH M. HOSFORD.

---

Before NEWMAN, CLEVENGER, and BRYSON, *Circuit Judges.*

PER CURIAM.

Appellant Paul J. Bishop worked as an Agriculture Specialist for Customs and Border Protection, within the Department of Homeland Security ("DHS"), from August 2005 to August 2007. Mr. Bishop received his position through the Federal Career Intern Program ("FCIP"), which provided for a two-year, excepted service appointment. Although the FCIP offered the possibility of converting the internship into a career position following completion, Mr. Bishop's employment was terminated after the two-year term due to unsatisfactory performance.

On April 22, 2009, Mr. Bishop filed an Individual Right of Action ("IRA") appeal with the Merit Systems Protection Board ("the Board" or "MSPB") alleging that DHS had discharged him for whistleblowing activity. The MSPB administrative judge found that, while Mr. Bishop had made a number of protected disclosures under the whistleblower statute, DHS demonstrated with clear and convincing evidence that it would have terminated Mr. Bishop's employment, notwithstanding his whistleblowing activity. As such, the administrative judge denied Mr. Bishop's claim. The administrative judge's initial decision became final on February 24, 2010, when the full Board denied Mr. Bishop's petition for review. *See* 5 C.F.R. § 1201.113(b). Mr. Bishop's appeal to this court was dismissed for failure to prosecute in accordance with our rules. *See Bishop v. Dep't of Homeland Sec.*, 457 F. App'x 916 (Fed. Cir. 2011)

On April 24, 2015, Mr. Bishop filed another IRA appeal with the MSPB pertaining to the same facts of his 2007 discharge from DHS. The administrative judge issued an order to show cause why the appeal should not be dismissed pursuant to res judicata, in light of the MSPB's prior final decision. Mr. Bishop argued that the MSPB's 2009–2010 decision was invalid because it lacked

jurisdiction. The administrative law judge's initial decision dismissed Mr. Bishop's IRA appeal as barred by res judicata. On September 28, 2015, the Board issued a final order denying Mr. Bishop's petition for review and affirming the administrative judge's dismissal. The Board explained that the MSPB's previous exercise of jurisdiction was proper because Mr. Bishop's IRA appeal raised allegations of whistleblower retaliation, making the 2010 decision a valid, final decision. No appeal to this court followed.

Finally we arrive at the case at hand. Mr. Bishop filed a third IRA appeal with the MSPB on February 24, 2017, again claiming his August 2007 discharge from DHS was for whistleblowing activity. The administrative judge issued a show cause order as to why the case should not be again dismissed; the order identified both the 2009–2010 final decision denying Mr. Bishop's claim, and the 2015 final decision dismissing Mr. Bishop's claim for res judicata. As before, Mr. Bishop responded by arguing there was no valid prior final judgment because the MSPB lacked jurisdiction over his prior IRA appeal. The administrative judge dismissed Mr. Bishop's appeal, which became the final decision of the Board. *Bishop v. Dep't of Homeland Sec.*, No. NY-1221-17-0092-W-1, 2017 MSPB LEXIS 1435 (Mar. 28, 2017). Mr. Bishop appealed the dismissal to this court.

We agree with the MSPB's ruling that Mr. Bishop's most recent IRA appeal is again barred by the doctrine of res judicata. "The doctrine serves to 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.'" *Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). We apply res judicata where "(1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause

of action and the same parties or their privies were involved in both cases." *Id.*

Like he has done on multiple occasions, Mr. Bishop appears only to be challenging the first element, arguing that the MSPB's 2009–2010 decision rejecting his IRA appeal could not trigger res judicata because the MSPB lacked jurisdiction. We disagree. The MSPB has aptly explained (repeatedly) that Mr. Bishop "is confusing the Board's jurisdiction over his removal with the Board's jurisdiction over his IRA appeal." *Bishop*, 2017 MSPB LEXIS 1435, at *7–8. Mr. Bishop's IRA appeal raises allegations of whistleblower retaliation for which the MSPB possesses jurisdiction, regardless of whether it would have jurisdiction over the underlying personnel action on its own. *See* 5 U.S.C. § 2302(a)(2); *see also Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001) ("This court has held that the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies . . . and makes 'non-frivolous allegations' that (1) he engaged in whistle-blowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)."). Mr. Bishop is simply attempting to relitigate matters that have already been finally decided—the doctrine of res judicata exists to prevent just this type of conduct. *See Allen*, 449 U.S. at 94.

Mr. Bishop also seems to argue for the first time on appeal that he was deprived of due process before his termination from DHS because he was not properly notified of his unsatisfactory performance. We see no record of this argument being made before the MSPB; as such, the issue was not properly preserved. *See Kachanis v. Dep't of Treasury*, 212 F.3d 1289, 1293 (Fed. Cir. 2000) ("This court has long held that appellants may not raise issues on appeal for the first time."); *Michalic v. U.S.*

*Postal Serv.*, 25 F. App'x 974, 977 (Fed. Cir. 2001) ("Appellants from a Board decision may not raise arguments for the first time on appeal to this court."). To the extent Mr. Bishop raises additional arguments for the first time on appeal, we similarly reject them as procedurally improper.

The final decision of the MSPB is affirmed.

## AFFIRMED

### COSTS

No costs.