NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KATHY J. COURTNEY,**

*Petitioner*

**v.**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

*Respondent*

---

2021-1628

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-20-0405-I-1.

---

Decided: November 10, 2021

---

KATHY J. COURTNEY, Raleigh, NC, pro se.

EBONIE I. BRANCH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., TARA K. HOGAN.

---

Before NEWMAN, SCHALL, and PROST, *Circuit Judges.*

PER CURIAM.

Kathy Courtney seeks review of a decision by the Merit Systems Protection Board ("Board") affirming her removal from federal service for being absent without leave from March 25, 2019, to December 7, 2019.  For the reasons discussed below, we affirm the Board's decision.

BACKGROUND

Ms. Courtney was employed by the Equal Employment Opportunity Commission ("EEOC") as an Equal Opportunity Investigator.  She was removed from her federal employment effective December 7, 2019.  Removal was premised on a charge of being absent without leave ("AWOL") for several months.

Ms. Courtney then appealed her removal to the Board. The administrative judge assigned to the case first determined that the EEOC had proven its AWOL charge by a preponderance of the evidence.  App'x 13.[1]  The administrative judge then determined that Ms. Courtney had failed to establish her affirmative defenses—that is, allegations of retaliation for EEO activity, discrimination based on disability, and harmful procedural errors. App'x 16–24.  Third, the administrative judge determined that there was a nexus between the AWOL charge and the efficiency of the federal service because an "essential element of employment is to be on the job when one is expected to be there."  App'x 25 (citation omitted).  Finally, the administrative judge agreed that removal was appropriate given the agency's thorough *Douglas* analysis, which relied on the seriousness of Ms. Courtney's misconduct, the length of her absence, and her supervisor's statement regarding a loss in confidence in her based on her failures to communicate.  App'x 26.  The administrative judge therefore affirmed the EEOC's removal decision, App'x 27, and

---

[1]     "App'x" refers to Respondent's corrected appendix.

that affirmance became the final decision of the Board, *see* App'x 28, 32.  Ms. Courtney then appealed to this court. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

On appeal to us, Ms. Courtney contests the adequacy of the charge against her and argues that the EEOC's removal process suffered from harmful procedural errors.

Our review is limited by statute.  We must affirm the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.  5 U.S.C. § 7703(c); *Yates v. MSPB*, 145 F.3d 1480, 1483 (Fed. Cir. 1998).  We see none of these defects.

The sole charge against Ms. Courtney was "Misconduct" because she was AWOL from the EEOC from March 25, 2019, to December 7, 2019.  *See* App'x 70.  "In order to prove a charge of AWOL, an agency must show by preponderant evidence that the employee was absent, and that [her] absence was not authorized or that [her] request for leave was properly denied."  *Noble v. USPS*, 556 F. App'x 941, 943 (Fed. Cir. 2013).

The EEOC placed Ms. Courtney on AWOL status as of March 25, 2019, as she had not reported to work after her approved leave ended on February 19, 2019, and she had been told that failure to return would render her AWOL. App'x 3–5.  The Board observed that Ms. Courtney did not dispute her absence from work from March 25, 2019, through her removal on December 7, 2019—nor her failure to request leave during that timeframe.  App'x 13.  The Board further observed that Ms. Courtney failed to provide medical documentation justifying her absence.  App'x 13. Accordingly, the Board concluded that the EEOC had

proven that Ms. Courtney was AWOL from March 25, 2019, to December 7, 2019. App'x 13.

Ms. Courtney argues that the EEOC failed to provide reasonable accommodations for her disability, without which she could not return. The Board considered and rejected this argument. *See* App'x 3–4, 21. Specifically, it found that the agency granted every accommodation that Ms. Courtney had requested and informed her that she could make additional requests at any time. App'x 21. And it explained that Ms. Courtney had made general statements that she could not return to work without reasonable accommodations but had not indicated what else she wanted, nor how the already-provided accommodations were inadequate. App'x 21–22. The Board, having reviewed the arguments and evidence, could find no specific reasonable accommodation that Ms. Courtney asked for that was not provided, and it concluded that the agency made "every effort" to assist her to perform her duties. App'x 22. Accordingly, the Board determined that Ms. Courtney had not shown that the agency had prevented her from returning to work. App'x 22. These findings of fact are supported by substantial evidence.

Ms. Courtney argues that the EEOC committed a procedural error by citing Article 38 in its Notice of Proposed Removal but Article 39 in the Notice of Final Decision. *See* App'x 68 (Notice of Proposed Removal), 37 (Notice of Final Decision). These provisions are part of an applicable collective bargaining agreement ("CBA") that concerns removals or adverse actions for different reasons. Ms. Courtney characterizes this change in citation as a due-process issue—and argues that the AWOL charge cannot sustain an Article 39 removal, which is premised on unacceptable performance, not misconduct. The citation error is apparent and is not excusable as a typographical error. However, it is also apparent, as seen throughout the proceedings, that this was a removal for misconduct, and Ms. Courtney so understood and responded on that basis. Article 38

concerns removals for misconduct; Article 39 for unsatisfactory performance. This was a removal for misconduct. Nothing in the record suggests that Ms. Courtney's removal was for unsatisfactory performance, and, indeed, the analysis in the proposed removal and the Notice of Final Decision both analyze a misconduct charge (including headings labeled "Misconduct"). *See* App'x 38–41, 68–71.

Further, Ms. Courtney argues that the EEOC failed to provide due process in connection with her removal because it did not provide enough time to reply to the Notice of Proposed Removal. She argues that she only received the July 23 Notice of Proposed Removal on August 6, and that she was entitled to more time to respond than she was given. She also argues that she had inadequate time to choose a hearing date after receiving the notice. The Board considered Ms. Courtney's arguments about inadequate time to respond and found that she had raised these concerns with the EEOC, she had been given an extension past the response time required by statute, and she had submitted a full written response. App'x 23–24. The Board's findings on this front are supported by substantial evidence. Further, the hearing-date issue is newly raised on appeal. *See Michalic v. USPS*, 25 F. App'x 974, 977 (Fed. Cir. 2001) ("Appellants from a Board decision may not raise arguments for the first time on appeal to this court." (citing *Kachanis v. Dep't of the Treasury*, 212 F.3d 1289, 1293 (Fed. Cir. 2000)). Even so, Ms. Courtney herself requested a hearing date of August 13, 2019. The EEOC granted that hearing date, but Ms. Courtney informed them the day before that she would not attend. App'x 63–65.

Ms. Courtney also argues that the EEOC's removal action was untimely because it was made effective before its approval date, in violation of the applicable rules. *See* Pet'r's Mem. in Lieu of Arg. 1–2 (referencing "Guide to Processing Personnel Actions (GPPA) Chapter 4 Paragraph 4b(1)"). Ms. Courtney, however, does not appear to have raised this argument before the Board or even in her

opening brief on appeal and has not provided enough detail for us to evaluate it.

Finally, Ms. Courtney argues that the Board failed to consider the EEOC's "history of CBA violations" in its decision—including, as she alleges, that it previously demoted her, inaccurately reported her W2 tax information, and arbitrarily required her to transfer certain files when she transferred offices. Pet'r's Br. 2. Even assuming that this information was before the Board and that the Board failed to consider it, we are not convinced that this would rise to the level of harmful error, as there does not appear to be a link between these alleged facts and the Board's conclusions.

## CONCLUSION

We have considered Ms. Courtney's remaining arguments but find them unpersuasive. For the reasons above, we affirm the Board's decision.

## **AFFIRMED**

### COSTS

No costs.