NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROGER HOLLEMAN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3108

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-14-0629-I-1.

---

Decided: October 7, 2015

---

ROGER HOLLEMAN, Kannapolis, NC, pro se.

CALVIN M. MORROW, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before NEWMAN, CLEVENGER, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Roger Holleman ("Holleman") appeals from the final decision of the Merit Systems Protection Board ("the Board") dismissing his appeal from the United States Postal Service's ("the agency") removal decision as moot after the agency rescinded its removal action. *Holleman v. United States Postal Serv.*, No. DC-0752-14-0629-I-1, 2015 MSPB LEXIS 850 (Feb. 2, 2015) ("*Final Decision*"). Because we agree with the Board's determination that the removal appeal is moot, we *affirm*.

## BACKGROUND

Holleman began working for the Postal Service on October 29, 1994, and was employed as a city carrier at the Concord Post Office in Concord, North Carolina. On January 17, 2010, Holleman was arrested on criminal charges, including several felonies. *Final Decision*, 2015 MSPB LEXIS 850, at *1. After the agency received notice of the arrest from its Inspection Service, agency officials met with Holleman and several witnesses. *Id.* The agency subsequently issued a notice of proposed indefinite suspension and placed Holleman in an off-duty with pay status. Respondent's Appendix ("R.A.") 13. Holleman responded to the agency's notice.

By letter dated March 24, 2010, the agency placed Holleman on indefinite suspension pending resolution of the criminal charges against him. In that letter, the agency explained the background facts giving rise to the suspension, including that Holleman was arrested for taking indecent liberties with a child, intimidating a witness, and sexual battery. *Id.* The agency also explained that it had considered Holleman's responses to the proposed suspension, but found that they were insufficient to warrant mitigating the action proposed. Specifically, the agency stated that "[e]mployees that are charged with felonious crimes, especially crimes against children, cannot be allowed to remain on duty at the

Postal Service." R.A. 14. Finally, the agency explained that Holleman would be suspended in non-pay, non-duty status until the charges against him were adjudicated. R.A. 15-16. Though the letter notified Holleman of his right to appeal his indefinite suspension to the Board, it is undisputed that he declined to do so.

On October 22, 2013, Holleman was convicted of felony offenses and sentenced to a lengthy incarceration term with a projected release date in 2026. R.A. 17. In February 2014, the agency issued a notice proposing to remove Holleman from the Postal Service on charges of: (1) continuous absence without official leave; and (2) failure to follow instructions. R.A. 19. By letter dated April 3, 2014, the agency removed Holleman based on his unavailability for work beginning on June 21, 2013 and his failure to follow instructions "to provide acceptable documentation regarding [his] incapacity from duty during that period." R.A. 19. In that letter, the agency explained that it had considered several factors in reaching its decision, including Holleman's "years of service and overall performance record in light of the proposed charges." R.A. 21.

Holleman appealed the removal decision to the Board on April 21, 2014. In his appeal, Holleman explained that his absence from work was due to the agency's decision to place him on leave without pay. R.A. 23. Holleman further indicated that he was unable perform his duties because the agency barred him from entering postal property. *Id.* According to Holleman, courts dismissed the charges against him involving his stepdaughter, and he had only one remaining charge against him. *Id.* Holleman also argued that he was treated more harshly than other Postal Service employees charged with similar offenses. Holleman requested back pay from the beginning of his suspension until March 2013, which was when he alleged that the charges against him were dismissed. R.A. 26.

On May 9, 2014, the agency sent Holleman a letter rescinding its removal decision. Therein, the agency explained that it was not returning Holleman to work, but was instead putting him "in the *status quo ante*, that is, in the same position [he] was in . . . *i.e.*, indefinite suspension." *Final Decision*, 2015 MSPB LEXIS 850, at *2. The agency subsequently moved to dismiss Holleman's appeal to the Board as moot.

The administrative judge ("AJ") issued an order to show cause with respect to mootness. In particular, the order directed the agency to submit the requisite evidence and argument showing that it had provided Holleman all of the relief "he could have received if the matter had been adjudicated and he had prevailed." R.A. 32. It also directed Holleman to respond by setting forth with specificity what relief he believed he was entitled to receive.

In its response, the agency argued that Holleman received all of the relief he could have obtained because the rescission placed him in the same position he was in prior to receiving the notice of removal. The agency also argued that Holleman was not eligible for back pay because it was his own criminal misconduct that made him unavailable for work. R.A. 36. And, because Holleman was incarcerated in 2013 with a projected release date in 2026, he "will continue to not be ready, willing and able to work." *Id.*

Holleman responded that all of the charges against him that gave rise to his indefinite suspension and removal were "dismissed by the courts of North Carolina." R.A. 37. He also stated that he was treated unfairly because there were other carriers with the Postal Service who were convicted sex offenders, but were allowed to remain on the job. Because he was not convicted on criminal charges until October 2013, Holleman asserted that he was entitled to back pay from March 23, 2010 until October 23, 2013. R.A. 38. In a separate response,

Holleman stated that "all the charges that agency removed me under, were dismissed or dropped by the North Carolina court system." R.A. 41. In particular, Holleman alleged that the witness intimidation charge was dropped in 2014. Although Holleman acknowledged that he was convicted on other charges "not related to [his] removal charges," he reiterated that, prior to his conviction and incarceration, he was willing and ready to come back to work. R.A. 42.

On February 2, 2015, the AJ issued an initial decision dismissing Holleman's appeal as moot. First, the AJ found that Holleman was "responsible for the actions which led to his arrest, indefinite suspension, and ultimate incarceration, not the agency." *Final Decision*, 2015 MSPB LEXIS 850, at *6. The AJ further found it irrelevant that Holleman "may have been exonerated of two of the three charges which served as the basis for the agency's indefinite suspension," because he was convicted of a crime in October 2013, and remains incarcerated. *Id.* And, because Holleman was incarcerated by the effective date of his removal—April 3, 2014—he was not entitled to back pay. *Id.* at *7. In particular, the AJ explained that, due to his criminal misconduct and incarceration, Holleman could not satisfy the requirement for back pay that he be ready and able to work. *Id.* Because Holleman "has no further cognizable interest in the outcome of the appeal," the AJ dismissed it as moot. *Id.*

Holleman did not petition the Board to review the AJ's initial decision and it became the final decision of the Board. Holleman timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our jurisdiction to review Board decisions is limited. By statute, we must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained with-

out procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review de novo. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). The petitioner bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *Fields v. Dep't of Justice*, 452 F.3d 1297, 1302 (Fed. Cir. 2006).

The Board's jurisdiction is "determined by the nature of an agency's action at the time an appeal is filed with the Board." *Fernandez v. Dep't of Justice,* 105 M.S.P.R. 443, 446 (2007). "An agency's unilateral modification of its adverse action after an appeal has been filed cannot divest the Board of jurisdiction unless the appellant consents to such divesture or unless the agency completely rescinds the action being appealed." *Haskins v. Dep't of the Navy*, 106 M.S.P.R. 616, 623 (2007). We have recognized that, where "an appealable action is canceled or rescinded by an agency, any appeal from that action becomes moot." *Cooper v. Dep't of the Navy*, 108 F.3d 324, 326 (Fed. Cir. 1997). Dismissal of an appeal as moot is a dismissal for lack of jurisdiction. *Haskins*, 106 M.S.P.R. at 624.

For an appeal to be deemed moot, "the employee must have received all of the relief that he could have received if the matter had been adjudicated and he had prevailed." *Fernandez*, 105 M.S.P.R. at 446 (internal citation and quotation marks omitted). Stated differently, the employee "must be returned to the status quo ante and not left in a worse position because of the cancellation than he would have been in if the matter had been adjudicated." *Harris v. Dep't of the Air Force*, 96 M.S.P.R. 193, 195-96 (2004). The Board has explained that "return to the status quo ante requires return, with back pay, to a position of the same grade, pay, status, and tenure as the one occupied before the agency's action." *Id.* at 196.

Holleman's primary argument on appeal is that he is entitled to receive back pay from March 2010 until his incarceration on different charges in October 2013. Specifically, Holleman claims that he "was not found guilty of any of the charges that the Postal Service removed me under in March 2010." Petitioner's Informal Br. 1. Holleman was not removed in March 2010, however. Instead, he was indefinitely suspended and placed on "non-pay, non-duty status" effective March 24, 2010. R.A. 15-16. It is undisputed that Holleman did not appeal the agency's decision placing him on indefinite suspension, and any attempts to do so now are untimely. In any event, as discussed below, we agree with the Board that Holleman is not entitled to receive back pay.[1]

As a preference eligible veteran, Holleman's claim for back pay must comport with the Back Pay Act, 5 U.S.C. § 5596(b)(1). *See Campbell v. United States Postal Serv.*, 75 M.S.P.R. 273, 277 (1997) ("The Board has held that the

---

[1]    Holleman also argues that he was "not given due process" because he "was not treated the same as other carriers were treated." Petitioner's Informal Br. 2. This argument is without merit. "The essential requirements of due process . . . are notice and an opportunity to respond." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). The record indicates that the agency gave Holleman notice of the charges against him and an opportunity to respond. Holleman did, in fact, file responses to each of the agency's actions. And, on this record, the Board did not err in declining to consider the circumstances of other individuals. *See Kohl v. United States Postal Serv.*, 115 F. App'x 49, 52 (Fed. Cir. 2004) ("Unevenness of a penalty as compared to other employees is only relevant where the disparate treatment leads to a conclusion of willful discrimination." (citing *Facer v. Dep't of the Air Force*, 836 F.2d 535, 539 (Fed. Cir. 1988))).

right of a U.S. Postal Service preference eligible to receive back pay and benefits must accord with the Back Pay Act, 5 U.S.C. § 5596(b)(1).").  The Act provides that back pay is available to an employee "who, on the basis of a timely appeal or an administrative determination . . . is found by appropriate authority under applicable law . . . to have been affected by an unjustified or unwarranted personnel action . . . ."  5 U.S.C. § 5596(b)(1).  As noted, an employee "is not restored to the status quo ante where he does not receive all the back pay to which he is entitled." *Gillespie v. Dep't of Defense*, 90 M.S.P.R. 327, 331 (2001).

Holleman appeals from the agency's April 2014 decision removing him based on his unavailability for work. It is undisputed that the removal action stemmed from charges of: (1) continuous absence without official leave; and (2) failure to follow instructions. *Final Decision*, 2015 MSPB LEXIS 850, at *5.  As the AJ explained, if this matter had been adjudicated and Holleman prevailed, "he would have been entitled to receive back pay for the period from the effective date of his removal to the date of the reversal." *Id.*  The AJ found that the effective date of Holleman's removal from the agency was April 3, 2014, and that, by then, Holleman had already been incarcerated for several months due to his own criminal misconduct.  *Id.* at *7.  Because his incarceration made him unavailable for work, the AJ concluded that the agency was not obligated to give him back pay during that time. *Id.*  We agree, and Holleman does not challenge this determination on appeal.  *See* Petitioner's Informal Br. 2 ("I have never asked to be paid while I have been incarcerated on different charges."); *see also Winslow v. Dep't of the Navy*, 46 M.S.P.R. 246, 250 (1990) ("[T]he appellant is not entitled to back pay for the period of his incarceration.").

Holleman seems to suggest that, because he allegedly was not convicted of the charges the agency relied upon in suspending him, he is entitled to back pay for the period

of his indefinite suspension prior to his incarceration. We disagree. An agency is entitled to suspend an employee when it has reasonable cause to believe that employee committed a crime for which a sentence of imprisonment could be imposed. *Rhodes*, 487 F.3d at 1380. Given Holleman's arrest on criminal charges, including felonies, the agency found this requirement satisfied. *Final Decision*, 2015 MSPB LEXIS 850, at *6. That Holleman may not have been convicted on the precise charges that led to his indefinite suspension is irrelevant. The fact remains that Holleman was convicted in October 2013 of a felony sexual offense. R.A. 17. Thus, his ultimate conviction related to the same category of crimes the agency felt justified his suspension in the first instance.

Even if Holleman was exonerated of the charges the agency relied upon in suspending him, he is not entitled to back pay for the period of his suspension.[2] As noted, the Back Pay Act authorizes compensation only for ac-

---

[2] Holleman submits for the first time on appeal a document from a North Carolina court dated August 5, 2014, which appears to show dismissal of Holleman's witness intimidation charge. The precise nature of the dismissal is unclear. We do not consider on appeal documents that were not part of the record before the Board. *See Turman-Kent v. Merit Sys. Prot. Bd.*, 657 F.3d 1280, 1283 (Fed. Cir. 2011) ("Because those items were not presented to the Board, they are not part of the record on appeal and are not properly before us."); *Oshiver v. Office of Pers. Mgmt.*, 896 F.2d 540, 542 (Fed. Cir. 1990) ("We will not consider the new evidence contained in the supplemental papers because that evidence was not presented to the Board."). Even if we were to consider it, however, Holleman is not entitled to relief because the agency's decision to indefinitely suspend him was not unjustified or unwarranted.

tions that are found by "an appropriate authority" to be "unjustified or unwarranted." 5 U.S.C. § 5596(b)(1). Holleman did not appeal his indefinite suspension and did not argue that it was an unjustified or unwarranted action in the first instance. Where, as here, the agency had reasonable cause to indefinitely suspend an employee, that employee is not entitled to back pay for the period of the suspension. *See Wiemers v. Merit Sys. Prot. Bd.*, 792 F.2d 1113, 1116 (Fed. Cir. 1986) (concluding that "reversal of the petitioner's conviction did not entitle him to back pay for any part of the period of suspension"); *see also Payne v. United States Postal Serv.*, 69 M.S.P.R. 503, 509 n.* (1996) ("[A] validly initiated indefinite suspension is not an unjustified or unwarranted personnel action prior to dismissal of the indictment or acquittal and thus does not generate entitlement to back pay."); *Shaffer v. Def. Logistics Agency*, 35 M.S.P.R. 664, 667-68 (1987) (""[W]here an employee's indefinite suspension based on an indictment is proper when effected, he is not entitled to back pay for the period of the suspension, regardless of the outcome of the criminal charges.").

On this record, because Holleman is not entitled to receive any back pay, the agency's decision rescinding his removal and placing him on "non-pay, non-duty" status returned him to the status quo ante. *See Harris*, 96 M.S.P.R. at 490-91. As such, there was no further relief the Board could grant in this appeal. *Final Decision*, 2015 MSPB LEXIS 850 at *7 (finding that Holleman "has no further cognizable interest in the outcome of the appeal"); s*ee also Moore v. Dep't of Veterans Affairs*, 109 M.S.P.R. 386, 389 (2008) (noting that an appeal is rendered moot where "it is impossible for the Board to grant any further effectual relief"). Accordingly, we agree with the Board that Holleman's appeal was rendered moot and thus dismissal was appropriate.

CONCLUSION

For the foregoing reasons, and because we find Holleman's remaining arguments are without merit, we affirm the Board's final decision.

**AFFIRMED**

COSTS

No costs.