NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MALCOLM TOBY, SUBSTITUTED FOR ALPHONSO R. TOBY,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2022-1024

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-15-0289-B-1.

---

Decided:  April 27, 2023

---

RALPH B. PINSKEY, Law Offices of Ralph B. Pinskey, Harrisburg, PA, argued for petitioner.

ANTHONY F. SCHIAVETTI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent.  Also represented by REGINALD THOMAS BLADES, JR., BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

---

Before PROST, REYNA, and CUNNINGHAM, *Circuit Judges*.

REYNA, *Circuit Judge*.

Alphonso R. Toby petitions for review of a decision of the Merit Systems Protection Board ("Board") that reversed his removal for misconduct from his position with the Department of Veterans Affairs ("VA"). The VA opposes the petition. Mr. Toby replies. For the reasons stated below, we dismiss Mr. Toby's petition as moot.

## BACKGROUND

Mr. Toby's challenge before the Board concerns his 2013 termination from the VA, which has a lengthy history, and which we recite only as necessary here.[1]

Mr. Toby worked at a medical facility for the VA as a housekeeping aid. Appx2. He was hired for a period of one year and two days, and he began working in his position on February 26, 2012, with an end-date of February 27, 2013. Appx2; SAppx1–2.[2] On February 25, 2013, two days before the position term expired, the VA terminated Mr. Toby for misconduct. Appx 2, 23. Mr. Toby appealed his termination to the Board, alleging that his termination was a violation under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301–4333. Petitioner's Op. Br. 4; Appx14–23. Corrective action was denied by the administrative judge ("AJ"). Appx43–46. Mr. Toby petitioned for review by the full Board and, on April 2, 2015, the Board affirmed the AJ's denial of corrective action. Appx51. The Board's decision recognized that Mr. Toby's petition asserted two claims: a USERRA violation and a removal without due process

---

[1]    Mr. Malcom Toby is now the substitute petitioner for his father, Mr. Alphonso Toby. Petitioner's Reply Br. 1.

[2]    "SAppx" refers to Respondent's supplemental appendix.

under 5 U.S.C. § 7513. *Id.* Accordingly, the Board forwarded the matter to the regional office ("RO") to consider the latter claim involving whether Mr. Toby was an "employee" under 5 U.S.C. § 7511 with Chapter 75 rights. *Id.*

On December 30, 2015, the AJ issued an initial decision dismissing the appeal as both untimely and filed without good cause, finding that only the USERRA claim was raised. Appx52–56. Mr. Toby again filed for review. Respondent's Br. 4. The Board granted the petition on September 23, 2016, vacated the AJ's initial decision, and remanded the appeal to the AJ to address whether Mr. Toby was a "preference-eligible excepted service employee" under 5 U.S.C. § 7511. Appx57–63.

While the matter was on remand, but before the AJ issued his decision, the VA rescinded Mr. Toby's misconduct removal. SAppx5. The VA sent Mr. Toby a letter informing him that the removal was cancelled, and he would be compensated for the 16 hours of work he would have completed had the removal not occurred. *Id.* Additionally, because Mr. Toby did not receive a recommendation from his supervisor, which was necessary to "convert" his position to a "career" or "permanent" appointment, the letter explained that the position was effectively terminated on February 25, 2013. SAppx 1, 4–5.

But, four days after the VA's decision to rescind the removal, the AJ issued his decision, finding that Mr. Toby had completed a full year of service and was a preference-eligible service employee under Chapter 75. Appx2–3. Thus, the Board found it had jurisdiction over Mr. Toby's appeal concerning the second claim, the Chapter 75 procedural rights, and reversed his removal. *Id.* The VA then moved to dismiss Mr. Toby's appeal as moot because of the VA's recission of the removal, to which Mr. Toby argued that he was not restored to a permanent position and the appeal was not moot. SAppx7–9, 11.

The VA's motion and Mr. Toby's opposition were returned by the AJ because they were received after issuance of the initiation decision. SAppx 18. The Office of the Clerk of the Board received these submissions from the Board's regional office and docketed these submissions as a petition and cross-petition for review, respectively. *Id.* The Board, however, lacked a quorum of judges, so the motion to dismiss and Mr. Toby's petition for review and cross-petition for review of the initial decision remained pending. SAppx20. On June 21, 2021, Mr. Toby petitioned this court for a writ of mandamus, seeking an order to direct the Board to remand the appeal to the AJ for further proceedings. Petition for Writ of Mandamus, ECF No. 2, *In re: Toby,* No. 21-157 (Fed. Cir. Jun. 22, 2021). This court issued an order stating that it would deny mandamus unless Mr. Toby withdrew his petition for review with the Board. Order at 5, ECF No. 25, *In re: Toby*, No. 21-157 (Fed. Cir. Sep. 10, 2021). Mr. Toby withdrew the petition for review, and, on October 7, 2021, this court construed the matter as a petition for review of the Board's final decision. *Id.*

## DISCUSSION

This court's judicial review of a Board decision is narrowly defined and limited by statute. Under 5 U.S.C. § 7703, we affirm a Board decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. *See Einboden v. Dep't of Navy*, 802 F.3d 1321, 1324 (Fed. Cir. 2015). The petitioner bears the burden of establishing reversible error in the Board's decision. *McCrary v. Office of Pers. Mgmt.*, 459 F.3d 1344, 1347 (Fed. Cir. 2006). "The party asserting jurisdiction bears the burden to show, by a preponderance of the evidence, that the Board had jurisdiction." *Mouton-Miller v. Merit Sys. Prot. Bd.*, 985 F.3d 864, 869 (Fed. Cir. 2021). But, "[i]f an appealable action is cancelled or rescinded by the agency, any appeal from that action becomes

moot," which deprives the Board from having jurisdiction. *Jenkins v. Merit Sys. Prot. Bd.*, 911 F.3d 1370, 1373 (Fed. Cir. 2019) (quoting *Cooper v. Dep't of the Navy*, 108 F.3d 324, 326 (Fed. Cir. 1997)). For an appeal to be moot, an employee must have received all of the relief that he could have received if the matter had been adjudicated and he had prevailed. *Id.*; *see also Holleman v. Merit Sys. Prot. Bd.*, 629 F. App'x 942, 948 (Fed. Cir. 2015). Dismissal of an appeal as moot equates to a dismissal for lack of jurisdiction because, in such cases, there is no final decision from which to appeal nor grounds for the Board to retain jurisdiction. *See Wells v. Merit Sys. Prot. Bd.*, 730 F. App'x 909, 911 (Fed. Cir. 2018).

Mr. Toby argues that he is a "statutory employee" who is entitled to "regularization" from the agency and his petition for relief requests backpay for a minimum of 30 days and "reinstatement to employment." Petitioner's Op. Br. at 1, 4; Petitioner's Reply Br. 3. Mr. Toby seeks a remand to the AJ for attorneys' fees. Petitioner's Reply Br. 3–4.[3] We, however, hold that Mr. Toby received all the relief that he was eligible for as a temporary Chapter 75 employee. The VA has promised to pay Mr. Toby for the sixteen hours of work (plus interest) that he was unable to perform due to his now-rescinded misconduct removal, and the VA will fulfill that promise if it has not yet done so. Oral Arg. at 13:16–53. Mr. Toby has not met his burden to demonstrate

---

[3] As the issue of attorneys' fees was first raised in Petitioner's reply brief, it is waived. *See Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002) ("Raising the issue for the first time in a reply brief does not suffice . . . they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration . . . . As a matter of litigation fairness and procedure, then, we must treat this argument as waived.").

6                                                          TOBY v. DVA

eligibility for additional relief.  This court lacks jurisdiction over the appeal because it is moot.

## CONCLUSION

For the foregoing reasons, the petition is dismissed.

### **DISMISSED**

## COSTS

No costs.