**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| URSULA YVETTE CLYDE-CRAFT,<br>        Appellant, | DOCKET NUMBER<br>AT-0752-18-0772-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>        Agency. | DATE:  February 6, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Fateen Anthony Bullock, Esquire, Atlanta, Georgia, for the appellant.

Deetric M. Hicks, Esquire, Decatur, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed this appeal for lack of jurisdiction as an involuntary retirement appeal. For the following reasons, we GRANT the petition for review, VACATE the initial decision, FIND that the Board has always had jurisdiction over this appeal

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

as an actual removal appeal, and REMAND for further adjudication consistent with this order.

## BACKGROUND

In July 2018, the agency proposed to remove the appellant from her Supervisory Budget Analyst position under 38 U.S.C. § 714 for failure to perform the critical elements of her performance plan. Initial Appeal File (IAF), Tab 11 at 4-9. On September 10, 2018, the agency issued a decision finding that the charge was supported by substantial evidence and setting the effective date of the removal as September 14, 2018. IAF, Tab 8 at 15-17. The appellant retired on September 13, 2018, before the effective date of the removal. *Id.* at 14. On September 24, 2018, the appellant filed a Board appeal, challenging the agency's removal decision and asserting that the removal was based on retaliation for prior equal employment opportunity (EEO) activity. IAF, Tab 1. She requested as relief, among other things, rescission of the proposed removal and removal decision, reinstatement, back pay and benefits, attorney fees, and damages. *Id.* at 12-13.

The appeal was adjudicated as an actual removal appeal without any apparent objection until 2 days before the scheduled hearing when the agency notified the appellant that it was rescinding the September 10, 2018 removal decision and moved to dismiss the appeal. IAF, Tab 8 at 7-8, Tabs 17, 19, 20 at 6. The agency argued, essentially, that the removal had not been effectuated and it had completely rescinded the removal by ensuring that there were no documents in the appellant's Official Personnel File (OPF) that related to the proposed removal or the decision letter. IAF, Tab 26. The agency maintained that her OPF now reflects only a separation by voluntary retirement. *Id.* at 5, 8-9. The agency moved for dismissal of the appeal. *Id.* at 5.

Based largely on the absence of paperwork referencing the removal action in the appellant's OPF, the administrative judge found that the agency proved that

the appellant's removal appeal was moot and the Board lacks jurisdiction to adjudicate the appeal as a removal appeal. IAF, Tab 27. However, the administrative judge noted that the appellant might be able to establish that her retirement was involuntary and tantamount to a constructive removal over which the Board might have jurisdiction under 5 U.S.C. chapter 75. *Id.* at 2. Instead of dismissing the appeal, the administrative judge redocketed it as one involving a claim of involuntary retirement. *Id.*

After a hearing, the administrative judge issued an initial decision dismissing the involuntary retirement appeal for lack of jurisdiction because the appellant failed to prove, by preponderant evidence, that her decision to retire constituted a constructive removal that is appealable to the Board. IAF, Tab 48, Initial Decision (ID) at 1, 12-13. Because of his jurisdictional finding, the administrative judge did not decide whether the appellant had proven her affirmative defense of retaliation for EEO activity. ID at 2. The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3.

## ANALYSIS

<u>We vacate the initial decision because the Board retains jurisdiction to adjudicate the removal appeal and the appellant's concomitant claim of retaliation for EEO activity.</u>

The Board's jurisdiction is determined by the nature of an agency's action against a particular appellant at the time an appeal is filed with the Board. *E.g.*, *Vidal v. Department of Justice*, 113 M.S.P.R. 254, ¶ 4 (2010); *accord Wells v. Merit Systems Protection Board*, 730 F. App'x 909, 911 (Fed. Cir. 2018); *Mosteller v. Merit Systems Protection Board*, 673 F. App'x 998, 999 (Fed. Cir. 2017); *Holleman v. Merit Systems Protection Board*, 629 F. App'x 942, 946 (Fed. Cir. 2015).[2] At the time this appeal was filed, the Board had jurisdiction over it

---

[2] The Board may follow a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit when, as here, it finds its reasoning persuasive. *E.g.*, *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

as an actual removal appeal. IAF, Tab 8 at 7-8, Tabs 17, 19; *see* 38 U.S.C. § 714(c)(4)(A); 5 U.S.C. § 7701(a)-(b). On September 10, 2018, the agency issued its removal decision, which stated that the removal was effective on September 14, 2018. IAF, Tab 8 at 15-17. The appellant's retirement, effective September 13, 2018, did not affect her appeal right in these circumstances. Under 5 U.S.C. § 7701(j), neither an individual's status under any Federal retirement system nor any election under such system may be taken into account in a case involving a removal from the service. When, as here, an agency issues its removal decision before an appellant retires, the appellant may appeal the removal to the Board. *See Mays v. Department of Transportation*, 27 F.3d 1577, 1578-81 (Fed. Cir. 1994); *Paula v. Social Security Administration*, 119 M.S.P.R. 138, ¶ 12 (2013). Thus, we conclude that this matter was being properly adjudicated as an actual removal appeal when, 2 days before the hearing, the agency notified the appellant that it was rescinding its removal decision and moved to dismiss the appeal. IAF, Tab 19 at 5, Tab 20. For the following reasons, we find that the agency's post-appeal, unilateral attempt at rescission did not moot the appeal and the Board retained jurisdiction to adjudicate the removal appeal.

An agency's unilateral modification of its personnel action after an appeal has been filed cannot divest the Board of jurisdiction, unless the appellant consents to such divestiture or the agency completely rescinds the action being appealed. *E.g.*, *Rodriguez v. Department of Homeland Security*, 112 M.S.P.R. 446, ¶ 12 (2009). For an appeal to be deemed moot, the agency's recission must be complete, i.e., the appellant must be returned to the status quo ante and not left in a worse position as a result of the cancellation than she would have been in if the matter had been adjudicated and she had prevailed. *Id.*

We must therefore evaluate the possible relief that the appellant could have received before the Board had she prevailed in her removal appeal. In *Paula*,

119 M.S.P.R. 138, ¶ 14,[3] the Board held that an appellant who retires in the face of a final removal decision, and whose removal subsequently is invalidated, is entitled to the same relief as if he did not retire. Mr. Paula retired on the same date that his removal was to take effect; the Board reversed the removal on due process grounds, and it ordered the agency to cancel the removal, restore Mr. Paula, and pay him the correct amount of back pay, interest on back pay, and other benefits pursuant to the Back Pay Act. *Id.*, ¶¶ 3-4. The agency canceled the appellant's removal, but it did not reinstate him or pay him back pay or benefits. *Id.*, ¶ 5. The appellant filed a petition for enforcement, and the administrative judge issued a Recommendation finding the agency in noncompliance with the Board's final order. *Id.*, ¶¶ 6, 8. The Board agreed with the administrative judge's finding of agency noncompliance, and it ordered relief to include cancellation of the removal action, restoration of Mr. Paula, and back pay, interest on back pay, and other benefits under the Back Pay Act. *Id.*, ¶¶ 17-21.

Like *Paula*, if the appellant's removal had been reversed, she could have been awarded the same relief—cancellation of the removal action, restoration to her position, and back pay and other benefits. *See id.* Thus, in order for the removal appeal to be moot, she must have received such relief. There is no dispute that her OPF contains no references to the removal or proposed removal, so in that sense, the removal was "cancelled." However, there is no evidence that the agency restored her to her position or paid her any back pay or benefits.

Although, in certain circumstances, an appellant's intervening, voluntary decision to retire might negate her entitlement to reinstatement, back pay, and/or benefits, the record does not support such a finding here. The appellant has consistently maintained that she changed her retirement date in response to the agency's removal action. *E.g.*, IAF, Tab 28 at 36-37, 61, Tab 37 at 31, 34-35, 57. For instance, in affidavits, she averred that, prior to her receipt of the notice of

---

[3] Although *Paula* arose in the context of a compliance proceeding, we use the principles articulated therein to guide our analysis in determining the relief to which the appellant could be entitled if she were successful in her removal appeal.

proposed removal, she intended to retire on or about December 31, 2027. IAF, Tab 29 at 20-21, Tab 37 at 31. After receipt of the notice of proposed removal, she appears to have made inquiries and taken steps towards retiring at an earlier date, in October or November 2018. IAF, Tab 8 at 19, Tab 26 at 8, Tab 28 at 36, 52. There is further evidence that, after receipt of the agency's removal decision on September 10, 2018, she changed her retirement date to September 13, 2018. IAF, Tab 28 at 37.[4] Indeed, in support of its motion to dismiss, the agency submitted an affidavit from a Supervisor Human Resources Consultant, who testified that, on August 8, 2018, the appellant requested a retirement estimate and initially selected a retirement date of October 31, 2018, but after receiving "notification of possible removal,"[5] the appellant "decided to move the retirement date to September 13, 2018." IAF, Tab 26 at 8. On this record, we find that the agency failed to establish that the appellant would not have been entitled to reinstatement, back pay, and/or benefits had she prevailed in her removal appeal.

Moreover, the appellant alleged that the removal action was taken in retaliation for her EEO activity, and she requested "all lawful damages" based on the agency's alleged prohibited personnel practice. IAF, Tab 1 at 8, 10-12. Because the appellant might have been entitled to relief, such as damages, beyond the removal of paperwork from her OPF, her removal appeal could not be dismissed as moot on the existing record without adjudication of her retaliation defense. *See, e.g.*, *Lamberson v. Department of Veterans Affairs*, 80 M.S.P.R. 648, ¶¶ 12-14, 36 (1999) (finding that, because the Board initially had jurisdiction over the appeal of the removal action, the agency's post-appeal

_____

[4] An employee has the right to set the effective date of her resignation and to withdraw a resignation at any time before it is effective unless the agency has a valid reason for refusing to permit the withdrawal. *Levy v. Department of Homeland Security*, 109 M.S.P.R. 444, ¶ 18 (2008); 5 C.F.R. § 715.202. Avoidance of adverse action proceedings is not a valid reason. 5 C.F.R. § 715.202(b).

[5] The agency issued its notice of proposed removal in July 2018, prior to the referenced August 8, 2018 request, so, we understand the affiant to be referring here to the subsequent removal decision notice dated September 10, 2018.

rescission of that action did not render the appeal moot and the Board retained jurisdiction to adjudicate Ms. Lamberson's claims of discrimination and retaliation);[6] *see also Hess v. U.S. Postal Service*, 124 M.S.P.R. 40, ¶ 8 (2016) (stating that, if an appellant raises a claim for compensatory damages that the Board has jurisdiction to adjudicate, the agency's complete rescission of the action appealed does not afford her all of the relief available before the Board and the appeal is not moot). Because the agency has not established that the appellant has been given all of the relief to which she could be entitled if she prevailed in her removal appeal, the appeal is not moot, and the Board retains jurisdiction to adjudicate both the removal appeal and her claim of retaliation for EEO activity.

The administrative judge supported his mootness finding with reference to *Jenkins v. Merit Systems Protection Board*, 911 F.3d 1370 (Fed. Cir. 2019), which in turn relied in large part on *Cooper v. Department of the Navy*, 108 F.3d 324 (Fed. Cir. 1997). IAF, Tab 27 at 2. We find that neither of these precedents compels a different result. In *Jenkins*, the court considered a situation in which the agency rescinded its removal action on the same day that the appellant retired. *Jenkins*, 911 F.3d at 1372. The appellant subsequently filed a constructive removal appeal with the Board. *Id.* The Board concluded, and the court agreed, that the appellant failed to establish that he had been subjected to an action that was appealable to the Board. *Id.* at 1373, 1376-77. The facts of *Jenkins* are unlike the facts of this case in that all of the actions to rescind the removal occurred before the appellant filed a Board appeal and the Board never had jurisdiction over an appealable action. *Id.* at 1372-73. In contrast, here, the appellant had a pending removal appeal, which was properly being adjudicated as such when, about 5 months into the adjudication, the agency for the first time

---

[6] Ms. Lamberson was awarded disability retirement after she filed her Board appeal, the agency moved to dismiss the appeal as moot because it had retroactively separated her on disability retirement, canceled the removal, and deleted all references to the removal from her OPF. *Lamberson*, 80 M.S.P.R. 648, ¶ 3. The disability retirement determination rendered her ineligible for back pay. *See infra* ¶ 13.

took steps to attempt to rescind its action. Thus, neither the Board nor the court in *Jenkins* needed to address the issue presented here of whether the agency's post-appeal, unilateral action mooted an appeal over which the Board had jurisdiction because the appellant had received all of the relief to which he would have been entitled had he prevailed in a removal appeal.

In *Jenkins*, the court noted that its decision was "governed by" *Cooper*. *Id.* at 1375. *Cooper* involved an agency's post-appeal rescission of a removal action after the appellant's application for disability retirement was approved retroactive to a date prior to his removal. *Cooper*, 108 F.3d at 325-26. The court found that the agency canceled the removal, removed all references to that action from Mr. Cooper's OPF, and "eliminated all the consequences of that action," which rendered the appeal moot. *Id.* at 326. Although the agency rescinded Mr. Cooper's removal after he filed a Board appeal, Mr. Cooper was awarded retroactive disability retirement and was thus ineligible for any back pay. *See* 5 C.F.R. § 550.805(c)(1) (stating that an agency may exclude from a back pay calculation "[a]ny period during which an employee was not ready, willing, and able to perform his or her duties because of an incapacitating illness or injury"). Moreover, in *Jenkins* and *Cooper*, there were no discrimination or retaliation claims or a concomitant request for damages before the court. *See, e.g.*, *Jenkins*, 911 F.3d at 1372 n.2 (noting that Mr. Jenkins "abandoned his formerly asserted discrimination claims"); *Cooper*, 108 F.3d at 327 (stating that Mr. Cooper's claims of discrimination and/or reprisal and request for damages in his district court matter were "based on agency conduct extending beyond [his] removal" and "would be outside the jurisdiction of the [Board] even if the Board had jurisdiction over Cooper's appeal from his removal").

Thus, we find that the circumstances of this matter are distinguishable from *Jenkins* and *Cooper*, and the court's rationale for finding that those appeals were moot is inapplicable here. Once the appellant filed a Board appeal challenging a matter over which the Board has jurisdiction, such as the agency's removal

action, such jurisdiction cannot be extinguished based on mootness unless the appellant has received all the possible relief that she could have obtained had she prevailed before the Board, i.e., unless it is impossible for the Board to grant any further effectual relief. *See, e.g.*, *Wheeler v. Department of Defense*, 113 M.S.P.R. 376, ¶ 12 (2010). The administrative judge erred in finding that the removal appeal was moot based on the existing record when there were outstanding issues regarding the appellant's entitlement to restoration, back pay and benefits, and further relief in connection with her retaliation defense.

<u>We remand the removal appeal for further adjudication and provide the following guidance to the administrative judge and the parties.</u>

Having found that the Board retains jurisdiction to adjudicate the removal appeal and the related retaliation defense, it is appropriate to remand the appeal for further adjudication. *See, e.g.*, *Fernandez v. Department of Justice*, 105 M.S.P.R. 443, ¶ 5 (2007) (stating that, if an appeal is not truly moot despite cancellation of the action under appeal, the proper remedy is for the Board to retain jurisdiction and to adjudicate the appeal on the merits). We provide the following guidance to assist the administrative judge and parties on remand.

Since the initial decision was issued, the Board issued a decision in *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶¶ 11-20, which clarified that the standard at 5 U.S.C. chapter 75 is applicable to performance-based actions taken under 38 U.S.C. § 714. Thus, the agency must show by substantial evidence that its performance standard was reasonable, provided for accurate measurement of the appellant's performance, and that the appellant's performance was unacceptable according to that measurement. *Id.*, ¶ 20 (citing *Graham v. Department of the Air Force*, 46 M.S.P.R. 227, 235 (1990)). The administrative judge should reopen the record to allow the parties to

take evidence and argument, including a supplemental hearing, if necessary, on this issue.[7]

Additionally, the record reflects that the deciding official in his decision letter concluded that the charge of failure to perform the critical elements of the performance plan was "supported by substantial evidence." IAF, Tab 8 at 15. In *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1296-1301 (Fed. Cir. 2021), our reviewing court found that the agency erred by applying a substantial evidence burden of proof to its internal review of an action taken pursuant to 38 U.S.C. § 714; rather, the court held that substantial evidence is the standard of review to be applied by the Board in such actions. The court's decision in *Rodriguez* applies to all pending cases, regardless of when the events at issue took place. *Semenov*, 2023 MSPB 16, ¶ 22. The administrative judge and the parties did not have the benefit of *Rodriguez* and therefore were unable to address its effect on this appeal. *See id.* Accordingly, we remand the appeal for the administrative judge to afford the parties an opportunity to present evidence and argument, including a supplemental hearing, on the issue of whether the agency's use of the substantial evidence standard in the removal decision constituted harmful procedural error under 5 U.S.C. § 7701(c)(2)(A). *See Semenov*, 2023 MSPB 16, ¶¶ 21-25. The administrative judge should then address this affirmative defense in the remand initial decision.[8] *See id.*, ¶ 25.

Finally, in *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1325-36 (Fed. Cir. 2021), the court held that the Board must consider and apply the penalty factors under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), when reviewing penalties in actions taken pursuant to 38 U.S.C.

---

[7] Because we are remanding the appeal, we do not reach the appellant's arguments on review regarding the agency's burden to prove the charge.

[8] Regardless of whether the appellant proves harmful error in the agency's use of the substantial evidence burden of proof in this removal decision, if any evidence or argument on remand affects the administrative judge's analysis of the appellant's affirmative defenses or the penalty, the administrative judge should address such evidence and argument in the remand initial decision. *Id.*, ¶ 26.

§ 714. *Semenov*, 2023 MSPB 16, ¶ 49. It is not clear from the proposal letter and the decision letter that the proposing official or deciding official considered all of the relevant penalty factors. IAF, Tab 8 at 15-17, Tab 11 at 4-9. Moreover, because the administrative judge did not have the benefit of the court's decision in *Connor* or other cases that discuss the Board's obligation to review the penalty in an action taken under 38 U.S.C. § 714, he did not identify the penalty as an issue to be adjudicated when the appeal involved a removal action. *See, e.g.,* IAF, Tab 19 at 2 (stating in the order and summary of prehearing conference that an administrative judge may not mitigate the agency's chosen penalty pursuant to 38 U.S.C. § 714(d)(2)(B)). On remand, the administrative judge should permit the parties to submit additional evidence and argument, including a supplemental hearing, if necessary, on the penalty issue. *See Semenov*, 2023 MSPB 16, ¶ 50. In reviewing the penalty, the administrative judge should determine whether the agency proved by substantial evidence that it properly applied the relevant *Douglas* factors and whether the agency's penalty was reasonable and, if not, remand the appellant's removal to the agency for a new removal decision. *Id.* (citing, among other cases, *Connor*, 8 F.4th at 1326-27).

## ORDER

For the reasons described above, we vacate the initial decision, find that the Board has jurisdiction over the removal appeal and the related claim of retaliation for EEO activity, and remand the appeal to the regional office for further adjudication consistent with this order.

*Gina K. Grippando*

FOR THE BOARD:       _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.