NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JULIETTE MOSTELLER,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-2590

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-16-0108-I-1.

---

Decided: January 17, 2017

---

JULIETTE MOSTELLER, Glen Burnie, MD, pro se.

KATHERINE MICHELLE SMITH, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before REYNA, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

Ms. Mosteller appeals a final decision of the Merit Systems Protection Board, arguing that the Board incorrectly dismissed for lack of jurisdiction her appeal of the allegedly improper suspension of her employment with the Department of Veterans Affairs (VA). The Board correctly determined that Ms. Mosteller failed to make a non-frivolous allegation that she was suspended for more than fourteen days. Therefore, we *affirm*.

BACKGROUND

Ms. Mosteller worked for the VA as a Program Analyst. The VA suspended Ms. Mosteller for fourteen days, from March 22 to April 4, 2015. Ms. Mosteller was not allowed to return to work on her next scheduled work day. Instead, on April 6, 2015, Ms. Mosteller received notice from the VA she was being placed on "authorized absence." On the same day, the VA provided Ms. Mosteller with a notice of proposed removal. Ms. Mosteller remained on authorized absence until the VA terminated her employment.

Ms. Mosteller was not paid during her fourteen-day suspension. Initially, she was not paid during the period of authorized absence either. Ms. Mosteller alleges that on May 15, 2015, she notified the agency that she was not being paid. It is undisputed that on June 19, 2015, the VA retroactively paid Ms. Mosteller for the period of authorized absence lasting from April 5 to May 22, 2015.

Ms. Mosteller appealed her removal to the Board on June 15, 2015. In doing so, she filled out an intake form that asked her to indicate what kind of personnel action she was appealing. She checked the box indicating that she was appealing her removal, but she did not check the box indicating that she was appealing any suspension. S.A. 26. The June 15 intake form does not contain any other information suggesting that she was appealing suspension. S.A. 28. On October 28, 2015—after the VA's June 19 retroactive payment—Ms. Mosteller filed a

prehearing submission alleging for the first time that the VA constructively suspended her for more than thirty days without pay prior to terminating her employment. S.A. 51.

The Administrative Judge (AJ) docketed a separate appeal to address her suspension claim. A third appeal was docketed to address Ms. Mosteller's claims of retaliation for whistleblowing and for protected whistleblower activity.

With respect to the suspension claim, the AJ issued an order to show cause that required Ms. Mosteller to plead evidence sufficient to establish the Board's jurisdiction over her claim. In her submission, Ms. Mosteller apparently alleged that she was only suspended for fourteen days. Recognizing that the Board generally only has jurisdiction over suspensions without pay that last longer than fourteen days, the AJ dismissed Ms. Mosteller's suspension claim for lack of jurisdiction. In its order, the AJ also noted that Ms. Mosteller failed to refute the Agency's evidence proving that it retroactively paid her for the time on authorized absence.

The full Board affirmed the AJ's decision that Ms. Mosteller failed to make a non-frivolous allegation of jurisdiction over a suspension for more than fourteen days. In doing so, the Board agreed with the AJ's finding that Ms. Mosteller "failed to refute the agency's evidence proving that she received retroactive pay." S.A. 14.

## DISCUSSION

Whether the Board has jurisdiction over a particular appeal is a question of law that this court reviews de novo. *Bolton v. Merit. Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998). The petitioner bears the burden to show that the Board has jurisdiction over a case. *Prewitt v. Merit. Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998). If a petitioner makes a non-frivolous allegation of Board

jurisdiction, she is entitled to a hearing on the jurisdictional question. *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc). A non-frivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

The Board generally has jurisdiction to review an appeal from a suspension of more than 14 days, not a suspension of fourteen days or less. 5 U.S.C. § 7512. Suspension is defined as "the placing of an employee, for disciplinary reasons, in a temporary status without duties and pay." 5 U.S.C. § 7501(2).

The Board's jurisdiction is determined by the nature of the agency's action at the time an appeal is filed with the Board. *Holleman v. Merit Sys. Prot. Bd.*, 929 F. App'x. 942, 946 (Fed. Cir. 2015) (citing *Fernandez v. Dep't of Justice*, 105 M.S.P.R. 443, 446 (2007)). Ms. Mosteller appealed her suspension when she first raised the issue in her prehearing submission on October 28, 2015, not when she appealed her removal on June 15, 2015. As of October 28, 2015, it is undisputed that the VA had already retroactively paid Ms. Mosteller for the period of authorized absence. Therefore, the period of authorized absence was paid and does not fall within the statutory definition of suspension. Accordingly, the period of authorized absence cannot be joined with the initial fourteen-day suspension to create a suspension period of more than fourteen days for jurisdictional purposes.

The Board correctly dismissed Ms. Mosteller's appeal because she has not made a non-frivolous allegation that, as of October 28, 2015, she had been suspended for more than fourteen days. Therefore, we *affirm*.

## AFFIRMED

### COSTS

Each party to bear its own costs.