# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JULIETTE MOSTELLER, <br>          Appellant, | DOCKET NUMBER <br> DC-0752-15-0865-I-2 |
|      v. | |
| DEPARTMENT OF VETERANS <br>     AFFAIRS, <br>          Agency. | DATE: May 15, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Juliette Mosteller</u>, Glen Burnie, Maryland, pro se.

<u>Robert Vega</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. For the reasons discussed below, we GRANT the appellant's petition for review  We AFFIRM the initial decision to the extent it found that the agency proved its lack of candor charge against the appellant and that the appellant failed to prove her status-based disability and race discrimination claims and her claim of reprisal for equal employment

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

opportunity (EEO) activity, VACATE the administrative judge's finding that the agency proved by clear and convincing evidence that it would have removed the appellant absent her protected disclosures and activities, and REMAND the case to the regional office for further adjudication of the appellant's claims of disability discrimination based on failure to accommodate, a due process violation or harmful procedural error, and whistleblower reprisal in accordance with this Remand Order.

## BACKGROUND

Effective May 22, 2015, the agency removed the appellant from her Program Analyst position with the agency's National Cemetery Administration (NCA) based on the charge of lack of candor in her statements against her supervisors (four specifications). *Mosteller v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-15-0865-I-1, Initial Appeal File (IAF), Tab 10 at 20-21. The appellant allegedly made unsubstantiated statements related to her claim that her first-line supervisor hit her. *Id.* at 21. In deciding to remove the appellant, the deciding official considered, among other things, her prior disciplinary actions. *Id.* at 22, 114; *Mosteller v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-15-0865-I-2, Appeal File (I-2 AF), Tab 28 at 101-02, Tab 31; Hearing Transcript (HT) at 170, 212-13 (testimony of deciding official). Specifically, the appellant received a letter of reprimand in September 2014 for inappropriate communication and served a 14-day suspension, from March 22 to April 4, 2015, based on the charges of failure to follow directions and inappropriate communication. I-2 AF, Tab 28 at 165-68. The deciding official also considered the Administrative Investigation Board (AIB) report of investigation into the appellant's statements against her supervisors. I-2 AF, Tab 28 at 112-36, Tab 31.

The appellant appealed her removal to the Board, and she requested a hearing. IAF, Tab 1 at 1-6, Tab 4. In November 2015, the administrative judge dismissed the appeal without prejudice to docket and process separately the

appellant's suspension and individual right of action (IRA) appeals.[2] IAF, Tab 26 at 1-3. In June 2016, the appellant's removal appeal was refiled under the current docket number. I-2 AF, Tab 2. The appellant raised the affirmative defenses of discrimination (race and disability), reprisal for EEO activity, and retaliation for whistleblowing or other protected activity. I-2 AF, Tab 6 at 2; IAF, Tab 1 at 5, Tab 23 at 5-6.

The appellant submitted copies of letters from the Office of Special Counsel (OSC) below, dated October 22, 2015, advising her that OSC had closed its investigation into her appeal. IAF, Tab 23 at 15-17. She expressed her intent to pursue claims of reprisal relating to personnel actions leading up to her removal. *Id.* at 5-6. The administrative judge thereafter docketed a separate IRA appeal to address those claims. IAF, Tab 26 at 1-3; *Mosteller v. Department of Veteran Affairs*, MSPB Docket No. DC-1221-16-0107-W-1 (0107-W-1 IAF), Tab 3 at 1-2. In April 2017, this case was reassigned to a different administrative judge. I-2 AF, Tab 15.

With respect to her whistleblower reprisal affirmative defense, the appellant claims she was removed in retaliation for making disclosures and engaging in activities as follows: (1) on an unspecified date, she filed an OSC complaint in which she reported that her agency was underreporting crimes at its facilities in violation of the law, IAF, Tab 1 at 186; (2) in August or September 2014, she reported to a "cemetery director" that cemeteries had stockpiled enough pesticides and fertilizer to make explosive devices, IAF, Tab 1 at 186, Tab 23 at 15; 0107-W-1 IAF, Tab 5 at 5; (3) on September 3, 2014, she emailed the NCA Executive Director and the NCA Deputy Undersecretary for Management that the

---

[2] On June 27, 2016, the Board issued a Final Order affirming the dismissal of the appellant's suspension appeal for lack of jurisdiction. *Mosteller v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-16-0108-I-1, Final Order, ¶¶ 2, 8, 15 (June 27, 2016). The appellant filed an appeal of the Board's Final Order to the U.S. Court of Appeals for the Federal Circuit, which affirmed the Board's decision. *Mosteller v. Merit Systems Protection Board*, 673 F. App'x 998 (Fed. Cir. 2017) (per curiam).

agency's contingency plans were outdated and not in compliance with the Federal Continuity Directive and department directives, IAF, Tab 1 at 95, Tab 23 at 15; (4) on or about September or October 2014, she filed a complaint with the Office of Inspector General (OIG) and the Office of Security Preparedness (OSP) that various NCA emergency plans were inadequate, HT at 34-38; IAF, Tab 23 at 15; (5) on an unspecified date she filed an OIG complaint, in which she complained that her reassignment/detail was an "unnecessary duplication of effort," IAF, Tab 23 at 15; 0107-W-1 IAF, Tab 5 at 7-16; (6) in November 2014, she filed a complaint with the Office of Security and Law Enforcement (OSLE) alleging that her direct supervisor, the NCA Program Manager, hit her during a meeting on October 21, 2014 and that she regularly hit her, IAF, Tab 28 at 108-09, Tab 23 at 15; (7) on an unspecified date, she disclosed that her third-level supervisor, the NCA Deputy Undersecretary for Management, violated the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and lied during an AIB investigation by characterizing her as a bad performer and stating that she was on a performance improvement plan (PIP), IAF, Tab 1 at 188, Tab 23 at 15; (8) in September 2014 or February 2015, she informed the Secretary of the agency that senior managers lacked candor and engaged in racially discriminatory hiring and disciplinary actions, IAF, Tab 1 at 188, Tab 23 at 15; 0107-W-1 IAF, Tab 5 at 5; and (9) on an unspecified date after the April 6, 2015 proposed removal, she filed the underlying OSC complaint, which was assigned the complaint number MA-15-3632. IAF, Tab 1 at 186-89. Lastly, in the appellant's OSC complaint she alleged that in December 2014 she complained to the Office of Personnel Management (OPM) of gross mismanagement, including that the NCA Executive Director falsified an official Government document by certifying on the appellant's Standard Form (SF) 50 that the position she was reassigned or detailed to was "necessary to carryout Government business," when the appellant was "double slotted" with another employee and assigned duties that were being

accomplished by the Office of Human Resources Management (OHRM). IAF, Tab 1 at 186-87; 0107-W-1 IAF, Tab 5 at 4-5.

After holding the requested hearing, the administrative judge issued an initial decision affirming the agency's removal action. I-2 AF, Tab 35, Initial Decision (ID) at 1, 23. Specifically, she sustained the charge and all specifications, and she found nexus and that the imposed penalty is within the bounds of reasonableness. ID at 9-12, 20-22. The administrative judge further found that the appellant failed to prove the affirmative defenses of discrimination (disability and race), EEO reprisal, and retaliation for whistleblowing or other protected activity. ID at 13-20.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response to which the appellant has replied. PFR File, Tabs 3, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

On petition for review, the appellant challenges the administrative judge's findings regarding the agency's charge of misconduct, the affirmative defenses of discrimination (disability and race), reprisal for equal employment opportunity (EEO) activity, and retaliation for whistleblowing or other protected activity, and the reasonableness of the imposed penalty. Petition for Review (PFR) File, Tabs 1, 4. Further, the appellant disputes the procedural rulings made by the administrative judge previously assigned to the appeal, and she alleges that the agency conducted a procedurally inadequate investigation. *Id.* As explained below, we affirm the administrative judge's findings that the agency proved its lack of candor charge and nexus and that the appellant failed to meet her burden of proving race and status-based disability discrimination and reprisal for EEO activity. However, we remand the appeal in order for the appellant to be provided notice of her burden to establish her affirmative defenses of disability discrimination based on a failure to accommodate and a due process violation or

harmful procedural error.  We also remand the appeal for further adjudication of the appellant's claim of whistleblower reprisal.

<u>The administrative judge previously assigned to the appeal did not abuse his discretion in ruling on procedural matters.</u>

The appellant alleges on review that the administrative judge previously assigned to the appeal abused his discretion in denying her request for witnesses and motions regarding discovery.  PFR File, Tab 1 at 11, 14, 19, Tab 4 at 14-15.[3] In the prehearing conference summary and order, the administrative judge disallowed 26 of the appellant's requested witnesses on the basis of relevance. I-2 AF, Tab 6 at 3-5; IAF, Tab 23 at 53-54.  The appellant filed a timely objection to the ruling on witnesses.  I-2 AF, Tab 7 at 5-6.  We find that the appellant's description of the expected testimony of the disallowed witnesses does not show that the administrative judge abused his discretion.  PFR File, Tab 1 at 8, 11, 14-15, Tab 4 at 12, 14-15; I-2 AF, Tab 7 at 5-6; *see Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985) (holding that an administrative judge has wide discretion to exclude witnesses when it has not been shown that their testimony would be relevant, material, and nonrepetitious); 5 C.F.R. § 1201.41(b)(8), (10) (recognizing the authority of administrative judges to rule on, and order the production of, relevant, material, and nonrepetitious witnesses).  In particular, the appellant has not shown that the disallowed witnesses would have provided relevant, material, and nonrepetitious testimony, considering that she had the opportunity to testify and to question six other witnesses at the hearing.  HT at 3, 435.

The appellant further argues that the prior administrative judge abused his discretion in denying her motions to compel discovery and for reconsideration of

---

[3] The appellant claims that her due process rights were violated when the administrative judge denied her request for witnesses and her discovery motions.  PFR File, Tab 1 at 7-8, Tab 4 at 7, 9-11.  We interpret such claims as part of her abuse of discretion argument.  *See Markland v. Office of Personnel Management*, 73 M.S.P.R. 349, 357 (1997) (finding the appellant's contention that there is a "due process right" to discovery in a Board appeal lacks merit), *aff'd*, 140 F.3d 1031 (Fed. Cir. 1998).

his denial of her motion to compel. PFR File, Tab 1 at 11. She has resubmitted on review her discovery request that is part of the record before the administrative judge. PFR File, Tab 4 at 20-29; IAF, Tab 17 at 7-16; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (stating that evidence submitted on review that was included in the record below and considered by the administrative judge is not new). We find that the administrative judge did not abuse his discretion in denying the appellant's motion to compel because she failed to include a copy of the agency's response to her discovery request or a definitive discussion of the deficiencies with the agency's response. IAF, Tab 17 at 4-6, Tab 21 at 2-3; *see Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 15 (2013) (holding that an administrative judge has broad discretion in ruling on discovery matters and, absent an abuse of discretion, the Board will not find reversible error in such rulings); 5 C.F.R. §§ 1201.41(b)(4) (reflecting the authority of administrative judges to rule on discovery motions), 1201.73(c)(1)(ii) (requiring a party moving to compel to provide a copy of the opposing party's response to her discovery request or a statement that none was received); 1201.74(a) (providing that an administrative judge may deny a motion to compel discovery if a party fails to comply with the requirements of section 1201.73(c) (1)).

Moreover, we find that the administrative judge did not abuse his discretion in denying the appellant's motion for reconsideration. I-2 AF, Tab 6 at 1. In her motion for reconsideration, the appellant apparently cured the procedural deficiencies with her motion to compel by outlining her reasons for requesting additional discovery and by including the agency's response. IAF, Tab 25 at 4-9, 12-23. Although the administrative judge did not explain why he denied her motion for reconsideration, I-2 AF, Tab 6 at 1, the appellant has not shown why the additional information she sought was relevant or reasonably calculated to lead to the discovery of admissible evidence, PFR File, Tab 1 at 7-8, 13-14, 16, Tab 4 at 6-7, 10-12.

In addition, the appellant asserts on review that the prior administrative judge abused his discretion by not properly ruling on her proposed hearing exhibits and by not providing her with the courtesy allowed to pro se litigants regarding her pleadings and motions. PFR File, Tab 1 at 11. The appellant included proposed hearing exhibits with her prehearing submission, IAF, Tab 23 at 8-52, 55-70, and the administrative judge explained to her at the prehearing conference that he would consider her request to admit the exhibits into the record during the hearing, I-2 AF, Tab 6 at 5. He ultimately did not rule on the exhibits at the hearing because another administrative judge was assigned to the appeal; however, the new administrative judge assigned to the appeal ruled on the exhibits during the course of the hearing. I-2 AF, Tab 15; HT at 56-57. An administrative judge has wide discretion to control the proceedings before her, including the authority to exclude evidence that she believes would be irrelevant, immaterial, or unduly repetitious. *Dieter v. Department of Veterans Affairs*, 2022 MSPB 32, ¶ 23; *see* 5 C.F.R. § 1201.41(b)(6), (8) (recognizing the authority of an administrative judge to convene and regulate the course of the hearing and to rule on exhibit lists). We find that the prior administrative judge properly exercised his discretion to delay ruling on the exhibits until the hearing. *See* 5 C.F.R. § 1201.41(b)(6), (8). The appellant has not alleged that her substantive rights were harmed by such delay. Moreover, even considering the appellant's pro se status, the appellant has not identified any specific evidence that was excluded at the hearing, nor has she shown that the administrative judge abused his discretion in ruling on procedural matters.

<u>The appellant's claim of adjudicatory bias provides no basis to disturb the initial decision.</u>

The appellant claims on review that the administrative judge previously assigned to this appeal "acted in a manner consistent with someone supporting the [a]gency as opposed to an unbiased professional." PFR File, Tab 1 at 11. We do not find that this claim provides a basis to disturb the initial decision. The Board

will not infer bias based on an administrative judge's case-related rulings. *Vaughn*, 119 M.S.P.R. 605, ¶ 18. Moreover, the appellant's broad allegation of bias is insufficient to rebut the presumption of the administrative judge's honesty and integrity. *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). Importantly, the appellant has not alleged that the administrative judge who issued the initial decision was biased.

We discern no reason to disturb the administrative judge's credibility findings.

In the initial decision, the administrative judge relied on the hearing testimony and made credibility determinations regarding the appellant, her first- and second-line supervisors, the proposing and deciding officials, and the Criminal Investigator. ID at 6, 7 n.3, 9-10, 10 nn. 6 & 8, 12-17, 20, 22. The appellant challenges the administrative judge's credibility findings on review, arguing that she overlooked the inconsistent and false testimony presented by the agency officials. PFR File, Tab 1 at 13, 15-17, 20-21, Tab 4 at 8, 11, 15. The appellant further alleges that the administrative judge improperly relied on the Criminal Investigator's hearsay testimony and failed to consider his bias and the inconsistency between his and the first-line supervisor's testimony before the AIB. PFR File, Tab 1 at 10-11, 13, 16, 18, 21, Tab 4 at 14.

After reviewing the record and considering the appellant's arguments on review, we discern no reason to disturb the administrative judge's thorough and well-supported credibility findings.[4] *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997). The administrative judge properly applied the relevant *Hillen* factors in making credibility determinations. ID at 9-11; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (identifying the factors an administrative judge should consider when making credibility determinations). Furthermore, the appellant's allegations of bias, inconsistent

---

[4] When, as here, an administrative judge has heard live testimony, her credibility determinations must be deemed to be at least implicitly based upon the demeanor of the witnesses. *Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 4 (2009).

statements, and false testimony are insufficient to raise doubt as to the truthfulness of the witnesses' assertions of material facts. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002); *see also Hillen*, 35 M.S.P.R. at 459 (explaining that inconsistencies between a witness's prior statements and hearing testimony do not necessarily render his or her testimony incredible). Moreover, the administrative judge properly considered the factors set forth in *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981), in finding that the Criminal Investigator's hearing testimony was reliable and probative hearsay evidence. ID at 10 n.6.

<u>We discern no reason to disturb the administrative judge's finding that the agency proved the lack of candor charge.</u>

The appellant generally asserts on review that the agency did not prove its lack of candor charge. PFR File, Tab 1 at 24. For the reasons described in the initial decision, we agree with the administrative judge's finding that the agency proved the lack of candor charge by a preponderance of the evidence. ID at 8-12; *see Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 17 (2016) (holding that lack of candor requires proof of the following elements: (1) that the employee gave incorrect or incomplete information; and (2) that he did so knowingly).

The appellant reasserts on review her argument that the agency should have to prove the charges of defamation and falsification. PFR File, Tab 1 at 12, 22, Tab 4 at 7-9; IAF, Tab 23 at 6. If an agency chooses to label an act of alleged misconduct, then it must prove the elements that make up the legal definition of the charge, if there are any. *Otero v. U.S. Postal Service*, 73 M.S.P.R. 198, 202 (1997). Here, the agency only charged the appellant with lack of candor, which

has specific elements that make up the legal definition of the charge. IAF, Tab 10 at 21; *see Fargnoli*, 123 M.S.P.R. 330, ¶ 17. The appellant's reference to *Bonanova v. Department of Education*, 49 M.S.P.R. 294, 296-98 (1991), is inapposite. As relevant to the facts in the instant appeal, the agency in *Bonanova* charged the employee with "[m]aking false and unfounded statements, which [were] slanderous, and defamatory, about an agency official." 49 M.S.P.R. at 294, 298. Therefore, the Board found that the administrative judge erred in finding that the agency proved the charge because the alleged statements were false or unfounded without addressing if they were slanderous and defamatory. *Id*. at 296-98. Here, the agency charged the appellant simply with lack of candor. PFR File, Tab 1 at 12, Tab 4 at 7-8. Thus, we agree with the administrative judge that the agency has the burden of proving the elements of a lack of candor charge and not any other charge. ID at 8 n.5. Lastly, the appellant's reassertion of her argument regarding qualified privilege (as a defense to a charge of defamation) is not relevant to the agency's lack of candor charge. PFR File, Tab 1 at 23-24, Tab 4 at 17; IAF, Tab 23 at 6. Thus, we decline to consider that argument further.

<u>We discern no reason to disturb the administrative judge's finding that the appellant has failed to prove the affirmative defenses of status-based disability and race discrimination and EEO reprisal.</u>

The appellant generally reasserts on review the affirmative defenses of status-based disability discrimination based on disparate treatment, race discrimination, and EEO reprisal. PFR File, Tab 1 at 14-16, 18, 25, Tab 4 at 7-9, 15-16. For the reasons discussed in the initial decision, we agree with the administrative judge's finding that the appellant failed to prove these affirmative defenses. ID at 13-17. To the extent the appellant disputes the administrative judge's denial of her proposed exhibit regarding a proposed counseling, we agree with the administrative judge's reasoning that the document is not relevant to the

appeal. PFR File, Tab 1 at 15-16; ID at 14 n.10; HT at 67-68; IAF, Tab 23 at 21-22.

We remand the appeal to afford the appellant an opportunity to address her affirmative defenses of disability discrimination based on the agency's failure to provide a reasonable accommodation and violation of her due process rights or harmful procedural error.

On review, the appellant reasserts her argument that the agency improperly denied her reasonable accommodation request to telework and failed to engage in the interactive process by failing to respond to her accommodation request.[5] PFR File, Tab 1 at 18, Tab 4 at 16; I-2 AF, Tab 7 at 4; IAF, Tab 23 at 6. Specifically, she alleges that she requested an accommodation to telework, that the agency did not respond to her request, and that if she had been teleworking on the date of the incident underlying her removal, the misconduct never would have occurred. PFR File, Tab 1 at 18. The appellant also argues on review that the agency violated her due process rights and committed harmful procedural error when the AIB allegedly failed to follow its own procedures for conducting administrative investigations set forth in the Department of Veterans Affairs (VA) Handbook 0700, Administrative Investigations (July 31, 2002).[6] *Id*. at 7-11, Tab 4 at 5-7, 10-14. Specifically, she alleges that the AIB erroneously relied on the testimony of agency officials without considering credibility issues or obtaining supporting evidence. *Id.*

During the course of the proceeding below, the administrative judge originally assigned to the appeal determined that the appellant had not raised a disability discrimination claim based on failure to accommodate. I-2 AF, Tab 6 at 3-4 n. 2; HT at 334-35. Nevertheless, in her initial decision, the new administrative judge addressed the failure-to-accommodate claim in the context

---

[5] At the hearing, the agency stipulated that the appellant had requested a reasonable accommodation for her medical condition. HT at 329.

[6] On occasion, the appellant refers to the AIB as the "Board." PFR File, Tab 1 at 9-10, Tab 4 at 12-14. For clarity and consistency, we refer to it here as the AIB.

of analyzing the affirmative defense of status-based discrimination based on disparate treatment and found that the appellant failed to establish her claim. ID at 13-14. The administrative judge did not address the affirmative defense of a violation of due process rights and harmful procedural error in the initial decision. Based on the circumstances in this case, we find that the appellant raised and did not abandon these defenses and we remand the appeal to afford the appellant an opportunity to fully address these affirmative defenses.

> *The appellant raised affirmative defenses of disability discrimination based on failure to provide a reasonable accommodation and due process violation or harmful procedural error, entitling her to notice of her burden to prove these claims.*

When an appellant raises an affirmative defense, the administrative judge must address the affirmative defense in a close of record order or prehearing conference summary. *Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 10, 17 n.7. The appellant must be provided with notice of her burden to prove her claims. *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 17 (2015).

Although in the appellant's initial appeal she only raised affirmative defenses of disability and race discrimination and whistleblower reprisal, she subsequently submitted prehearing submissions in which she generally alleged that the agency improperly denied her accommodation request and violated her due process rights. IAF, Tab 23 at 6. The administrative judge previously assigned to the appeal did not issue an affirmative defense order notifying the appellant of the standard for establishing her defenses. Consequently, the appellant did not provide any additional information about her medical condition or offer any explanation of how the agency's removal decision was based on the agency's failure to accommodate. Similarly, she did not explain the errors the agency made in the AIB investigation and how it was harmful to her rights.

In the order and summary of the prehearing teleconference, the administrative judge did not add the due process or harmful error claims, but he noted that during the teleconference the appellant confirmed that she was not

raising a disability discrimination claim based on the failure to accommodate. I-2 AF, Tab 6 at 2-3 n. 2. The appellant timely objected to that order and stated that she intended to continue to pursue a disability discrimination claim based on the failure to accommodate; however, she did not object to the exclusion of the claim of a due process violation or harmful procedural error. I-2 AF, Tab 6 at 4. The appeal was then reassigned to a new administrative judge. I-2 AF, Tab 15.

During the hearing, in response to the agency's objections to the appellant's attempts to develop the record on the failure to accommodate claim, the new administrative judge assigned to the appeal agreed that this affirmative defense had not been raised (or that it had been withdrawn), acknowledged that the appellant had not been provided the standard for establishing the affirmative defense, and therefore, she did not permit the appellant to fully develop the record on this issue. HT at 334-35, 342-43. In addition, the new administrative judge did not acknowledge the appellant's due process or harmful procedural error claim, and did not provide notice to the appellant regarding how to prove this claim. Based on the above information, we find that the appellant raised and attempted to pursue affirmative defenses of disability discrimination based on the agency's failure to accommodate and a due process violation or harmful procedural error.[7] *See Turner v. Department of Veterans Affairs*, 94 M.S.P.R. 381, ¶¶ 3, 7 (2003) (agreeing with an administrative judge's determination that a pro se appellant raised an affirmative defense of disability discrimination when he challenged his removal and alleged that he had medical conditions, was seeking treatment, and that the agency did not offer to help him); *Melnick v. Department*

---

[7] Although the pro se appellant framed her claim as a due process violation, she alleges that the agency failed to follow its own procedures in conducting investigations, which generally constitutes a harmful procedural error claim. *See Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 683-85 (1991) (explaining that a failure to comply with constitutional due process requirements necessitates reversal of an agency action, while and agency's failure to comply with statutory or regulatory procedures is analyzed as a potentially harmful error). On remand, the administrative judge should provide the appellant notice of both defenses and provide her with an opportunity to clarify and prove her claim or claims.

*of Housing and Urban Development*, 42 M.S.P.R. 93, 97 (1989) (recognizing that pleadings, particularly those filed by pro se appellants, are to be liberally construed), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table).

At no point during the proceeding below or in the initial decision did the administrative judges notify the appellant of her burden of proof to establish these affirmative defenses. IAF, Tabs 2, 15; I-2 AF, Tabs 6, 12. Moreover, the agency did not provide these notices to the appellant in its response. IAF, Tab 10; *see Parker v. Department of Housing and Urban Development*, 106 M.S.P.R. 329, ¶¶ 7-8 (2007) (stating that an administrative judge's failure to provide an appellant with specific notice of his jurisdictional burden can be cured if the agency's pleadings or the initial decision contain the required notice).

> *The appellant did not waive or abandon her failure to accommodate and due process or harmful procedural error affirmative defenses.*

In determining whether an appellant has waived or abandoned a previously raised affirmative defense claim, the Board will consider the following nonexhaustive factors: (1) the thoroughness and clarity with which the appellant raised an affirmative defense; (2) the degree to which the appellant continued to pursue the affirmative defense in the proceedings below after initially raising it; (3) whether the appellant objected to a summary of the issues to be decided that failed to include the potential affirmative defense when specifically afforded an opportunity to object and the consequences of the failure were made clear; (4) whether the appellant raised the affirmative defense or the administrative judge's processing of the affirmative defense claim in the petition for review; (5) whether the appellant was represented during the course of the appeal before the administrative judge and on petition for review, and if not, the level of knowledge of Board proceedings possessed by the appellant; and (6) the likelihood that the presumptive abandonment of the affirmative defense was the product of confusion, or misleading or incorrect information provided by the agency or the Board. *Thurman*, 2022 MSPB 21, ¶ 18.

As established above, we find that there is sufficient information in the record to show that the appellant clearly raised and attempted to pursue affirmative defenses of disability discrimination and a due process violation or harmful procedural error. Moreover, the appellant objected to the prehearing teleconference order omitting at least the failure to accommodate affirmative defense from the issues to be decided and continued to pursue these defenses on petition for review. Even if the appellant did not object to the omission of her procedural defenses in the prehearing conference order, we find that consideration outweighed by the fact that the appellant was pro se and not provided notice of how to establish her claims. Thus, we find that a remand is necessary to provide the appellant notice of her burden and an opportunity to address her affirmative defenses of disability discrimination based on the agency's failure to provide a reasonable accommodation and due process or harmful procedural error.[8] *See Thurman*, 2022 MSPB 21, ¶ 17 n.7.

Remand is also necessary for the administrative judge to further adjudicate the appellant's claim of whistleblower reprisal.

On review, the appellant challenges the administrative judge's finding that the appellant failed to establish her affirmative defense of whistleblower reprisal. ID at 19-20; PFR File, Tab 1 at 19, Tab 4 at 16. In finding that the appellant failed to establish a prima facie case of whistleblower retaliation, the administrative judge only considered the alleged disclosures and activities in the appellant's OSC complaint; however, she did not consider the remaining disclosures and activities contained in OSC's close-out letter, which the appellant

---

[8] On review, the appellant has submitted the Handbook 0700 and VA Handbook 5975.1, Processing Requests for Reasonable Accommodation from Employees and Applicants with Disabilities (Nov. 27, 2013). PFR File, Tab 1 at 26-148. In light of our decision to grant the appellant's petition for review and remand her potential harmful error and failure to accommodate claims for further consideration, we need not consider these handbooks here. On remand, the appellant may resubmit this documentation in accordance with the administrative judge's orders.

submitted with her prehearing submissions. ID at 18-19; IAF, Tab 23 at 15-16. The administrative judge did not require the appellant to specifically identify the disclosures and activities that she claimed formed the basis of her whistleblower reprisal defense, nor did she narrow the scope of the disclosures/activities before her. Therefore, we assume the appellant intended to raise all the disclosures and activities she raised to OSC and we remand the appeal for the administrative judge to consider the remainder of the appellant's alleged protected disclosures and activities and make findings of fact and credibility determinations in accordance with this order. IAF, Tab 23 at 15-16.

To prevail on an affirmative defense of reprisal for making a disclosure under 5 U.S.C. § 2302(b)(8) or engaging in an activity under section 2302 (b)(9) (A)(i), (B), (C), or (D), the appellant must prove by preponderant evidence that her disclosure or activity was protected under these provisions and that it was a contributing factor in the adverse action. *Alarid*, 122 M.S.P.R. 600, ¶¶ 12-13; *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 19 (2013). If she does so, then the burden of persuasion shifts to the agency to prove by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected disclosures and activity. 5 U.S.C. § 1221(e)(2); *Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 24 (2014).

> *The appellant proved by preponderant evidence that she engaged in protected activities under 5 U.S.C. § 2302(b)(9).*

Here, the appellant identifies the following protected activities that she alleged contributed to her removal: (1) on an unspecified date, she filed an OSC complaint in which she alleged that the agency was "under reporting crimes at its facilities," in violation of the law, IAF, Tab 1 at 186; (4) on or about September or October 2014, she filed a complaint with the OIG and the OSP that various NCA emergency plans were inadequate, HT at 34-38; IAF, Tab 23 at 15; (5) on an unspecified date, she filed an OIG complaint, in which she alleged that her reassignment/detail was an "unnecessary duplication of effort," IAF, Tab 23

at 15; 0107-W-1 IAF, Tab 5 at 7-16; and (9) on an unspecified date after the April 6, 2015 proposed removal, she filed the underlying OSC complaint (MA-15-3632), IAF, Tab 1 at 186-89.[9]

Under 5 U.S.C. § 2302(b)(9)(C), it is a prohibited personnel practice to take an action against an employee because that employee "disclos[ed] information to the Inspector General . . . of an agency, or the Special Counsel, in accordance with applicable provisions of law." The administrative judge incorrectly found that the appellant did not engage in protected activity under 5 U.S.C. § 2302(b)(9) with respect to her first OSC and OIG complaint. ID at 19. She did not address the undated OIG complaint and the underlying OSC complaint (MA-15-3632). We find that the appellant engaged in protected activity under 5 U.S.C. § 2302(b)(9) with respect to her OIG and OSC complaints. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 62 (clarifying that, under 5 U.S.C. § 2302(b)(9)(C), any disclosure of information to OSC or an OIG is protected, regardless of the content). Accordingly, we find that the appellant proved by a preponderance of the evidence that she engaged in protected activity under 5 U.S.C. § 2302(b)(9) in connection with her first OSC complaint, her undated OIG complaint, her September or October 2014 OIG complaint, and the underlying 2015 OSC complaint (MA-15-3632).

> *The appellant did not prove by preponderant evidence that she made protected disclosures under 5 U.S.C. § 2302(b)(8) with respect to disclosures (2) and (6).*

The appellant alleges the following disclosures contributed to her removal: (2) in August or September 2014, she reported to a "cemetery director" that cemeteries had stockpiled enough pesticides and fertilizer to make explosive devices, IAF, Tab 1 at 186, Tab 23 at 15; 0107-W-1 IAF, Tab 5 at 5; (3) on September 3, 2014, she emailed the NCA Executive Director and the NCA

---

[9] For the sake of clarity, we will continue to use the numbering we assigned to the appellant's disclosures and activities earlier in this decision. *See supra*.

Deputy Undersecretary for Management that the agency's contingency plans were outdated and not in compliance with the Federal Continuity Directive and department directives, IAF, Tab 1 at 95, Tab 23 at 15; (6) in November 2014, she filed a complaint with the OSLE alleging that her direct supervisor, the NCA Program Manager, hit her during a meeting on October 21, 2014 and that she regularly hit her, IAF, Tab 28 at 108-09, Tab 23 at 15; (7) on an unspecified date, she disclosed that her third-level supervisor, the NCA Deputy Undersecretary for Management, violated HIPAA and lied during an AIB investigation by characterizing her as a bad performer and stating that she was on a PIP, IAF, Tab 1 at 188, Tab 23 at 15; (8) in September 2014 or February 2015, she informed the VA Secretary that senior managers lacked candor and engaged in racially discriminatory hiring and disciplinary actions, IAF, Tab 1 at 188, Tab 23 at 15; 0107-W-1 IAF, Tab 5 at 5; and (10) in December 2014, she complained to OPM of gross mismanagement, including that the NCA Executive Director falsified an official Government document by certifying on the appellant's SF-50 that the position she was reassigned or detailed to was "necessary to carryout Government business," when the appellant was "double slotted" with another employee and assigned duties that were being accomplished by OHRM, IAF, Tab 1 at 186-87; 0107-W-1 IAF, Tab 5 at 4-5.

A protected disclosure is one that an appellant reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 5 & n.3 (2013). The proper test for determining whether an employee had a reasonable belief that her disclosures were protected is whether a disinterested observer in her position with knowledge of the essential facts known to, and readily ascertainable by, the employee could reasonably conclude that the actions evidenced any of the conditions set forth in 5 U.S.C. § 2302(b)(8). *Mudd*, 120 M.S.P.R. 365, ¶¶ 5, 8.

With respect to alleged disclosure (2), the August or September 2014 disclosure, the administrative judge found that the appellant failed to allege sufficiently specific facts concerning the contents of her alleged disclosure. ID at 19. We agree.

Disclosures must be specific and detailed, not vague allegations of wrongdoing. *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 14 (2014); *Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 13 (2006) (explaining that a protected disclosure must be specific and detailed, not vague allegations of wrongdoing regarding broad or imprecise matters). Having reviewed the record and the appellant's general allegation about cemeteries stockpiling materials to make explosive devices, we discern no reason to disturb the administrative judge's finding that the appellant's non-specific allegation of wrongdoing does not meet this standard. IAF, Tab 1 at 186, Tab 23 at 15; 0107-W-1 IAF, Tab 5 at 5. For instance, the appellant did not identify which cemeteries were involved or to which cemetery director she reported the issue, and she did not explain why she believed the cemeteries were improperly storing pesticides and fertilizer. IAF, Tab 1 at 186, Tab 23 at 15; 0107-W-1 IAF, Tab 5 at 5; *see Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶ 11 (2013) (finding that an appellant failed to nonfrivolously allege she made a protected disclosure when the agency's alleged violation of pertinent training rules or gross mismanagement were nonspecific and poorly explained).

With respect to alleged disclosure (6), the appellant's November 2014 complaint to OSLE that her supervisor regularly hit her, including in October 2014, the administrative judge did not consider the appellant's claim that this constituted a protected disclosure or activity. IAF, Tab 28 at 108-09, Tab 23 at 15. Nevertheless, as mentioned above, we decline to disturb the administrative judge's well-reasoned credibility-based finding that the appellant's supervisor did not hit her and therefore, that the appellant lacked candor with respect to her allegations in this complaint. ID at 9-12. Therefore, we find that a disinterested

observer could not reasonably conclude that the appellant's supervisor's actions evidence a substantial and specific danger, or any of the conditions set forth in 5 U.S.C. § 2302(b)(8).[10]

> *Remand is necessary for the administrative judge to make findings as to whether the appellant had a reasonable belief that she was reporting wrongdoing under 5 U.S.C. § 2302(b)(8) with respect to alleged disclosures (3), (7), (8), and (10).*

With respect to disclosure (3), the appellant alleged that on September 3, 2014, she complained to the NCA Executive Director and the NCA Deputy Undersecretary for Management that the agency's contingency plans were outdated and not in compliance with the Federal Continuity Directive and department directives. IAF, Tab 1 at 95, Tab 23 at 15. Specifically, the appellant submitted an email stating that the 2013 plans were no longer "current" in 2014, but that she did not actually review them. IAF, Tab 1 at 95. The administrative judge did not address this alleged protected disclosure in her initial decision. ID at 19. On remand, the administrative judge must make a finding in the first instance as to whether the appellant established that she disclosed a wrongdoing set forth in 5 U.S.C. § 2302(b)(8) with respect to this complaint.

Next, we consider the appellant's alleged protected disclosure (7), that on an unspecified date she disclosed that her third-level supervisor, the NCA Deputy Undersecretary for Management, violated HIPAA and lied during an AIB investigation by characterizing her as a bad performer and stating that she was on

---

[10] Prior to December 12, 2017, 5 U.S.C. § 2302(b)(9)(C) included as protected activity "cooperating with or disclosing information to the Inspector General of an agency, or the Special Counsel, in accordance with applicable provisions of law." *Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 29. Section 1097(c)(1) of the National Defense Authorization Act of 2018 (NDAA) amended 5 U.S.C. § 2302(b)(9)(C) to provide that, in addition to the Inspector General of an agency or the Special Counsel, a disclosure to "any other component responsible for internal investigation or review" is also protected. *Edwards*, 2022 MSPB 9, ¶ 29. In *Edwards*, the Board found that this amendment is not retroactive. *Id.*, ¶¶ 30-33. Thus, because all of the relevant events in this matter, up to and including the appellant's 2015 removal, occurred prior to the 2018 NDAA's enactment, we need not consider whether her 2014 OSLE and OPM complaints could constitute protected activity under 5 U.S.C. § 2302(b)(9)(C).

a PIP. IAF, Tab 1 at 188, Tab 23 at 15. The administrative judge did not address this disclosure in full and instead only found that the appellant's allegation regarding the NCA Deputy Undersecretary for Management lying during the AIB investigation lacked specificity. ID at 19. The appellant has not provided any specific information in the record regarding how her management violated HIPAA. However, as for the allegedly false statements in the AIB investigation, the appellant stated that she believed her third-level supervisor lied when he indicated that the appellant was on a PIP and was a threat to other employees, and that employees were feeling threatened by the appellant's behavior. IAF, Tab 1 at 188-89.

As to the false statement regarding the PIP, the administrative judge found that the appellant's third-level supervisor credibly testified that he was mistaken when he stated in the AIB investigation that the appellant had been placed on a PIP and found the misstatement was not intentional; however, she did not otherwise make a finding about whether the appellant reasonably believed that her third-level supervisor was lying about the PIP at the time she made the complaint. ID at 7 n.3. Similarly, the administrative judge did not make a finding as to the reasonableness of the appellant's belief that her third-level supervisor lied when he stated that the appellant was a threat to other employees and that employees were feeling threatened by the appellant's behavior. Accordingly, on remand the administrative judge should make findings as to whether the appellant established that she reported any of the conditions set forth in 5 U.S.C. § 2302(b)(8) with respect to alleged protected disclosure (7).

Next, we turn to the appellant's alleged protected disclosures (8) and (10), which include her September 2014, December 2014, and February 2015 disclosures to the VA Secretary and OPM of her manager's alleged false statements or lack of candor. IAF, Tab 1 at 186-88, Tab 23 at 15; 0107-W-1 IAF, Tab 5 at 4-5. The appellant does not submit copies of these disclosures in the record. Also, when referring to her September 2014 or February 2015 disclosure,

the appellant does not specify how her management lacked candor. *Id*. However, it appears that the appellant is referring to her claim that her managers lacked candor or made a false statement when signing her SF-50 certifying that her reassignment or detail was necessary. *Id*. The appellant alleges that the reassignment or detail was not necessary because the position she was reassigned to was "double slotted" and being performed by another employee and OHRM, while her emergency preparedness position was left unoccupied in violation of the Federal Continuity Directives requiring that an emergency planner be assigned. IAF, Tab 1 at 186-87.

The appellant also specified that in her detail role she had taken on responsibilities that were previously assigned to another employee who did not complete them, such as writing the policy for "VA PAS," the "WIN" program, and "WorkLife4You." *Id*. at 74. She alleged that these assignments did not constitute "significant responsibilities," and therefore, again disclosed that her managers lacked candor when they certified her job was necessary. *Id*. She claims that this assignment was also improper because it "jeopardized" her career and she was "no longer able to grow and gain knowledge." IAF, Tab 1 at 187.

The administrative judge generally found that the appellant failed to establish that she made a protected disclosure because she did not provide sufficiently specific information concerning her allegations. ID at 19. However, she did not make any factual or credibility findings with respect to the appellant's allegations regarding her supervisor's alleged false statements and lack of candor. For instance, as to the appellant's claim that her former emergency preparedness position was left unoccupied in violation of directives, the appellant submitted a copy of the continuity directive, which requires the agency to designate an individual such as an emergency coordinator to represent the agency in the continuity program and establish emergency communications. IAF, Tab 23 at 36. Although the appellant's third-level supervisor testified that the appellant's emergency preparedness duties were transferred to another emergency planner,

there is no evidence, nor did the administrative judge make any findings, as to whether those duties were transferred before or after the appellant's disclosure to determine the reasonableness of the appellant's belief at the time she made it. HT at 72. Accordingly, on remand, the administrative judge should make findings as to whether the appellant established that she reported any of the conditions set forth in 5 U.S.C. § 2302(b)(8) with respect to alleged protected disclosures (8) and (10).[11]

> *On remand, the administrative judge must make a finding as to whether the appellant established that her remaining protected disclosures and activities were a contributing factor in her removal.*

An appellant's protected activity is a contributing factor if it in any way affects an agency's decision to take, or fail to take, a personnel action. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). One way an appellant may establish the contributing factor criterion is the knowledge/timing test, under which she submits evidence showing that the official taking the personnel action

---

[11] As part of her September 2014 or February 2015 disclosure, the appellant alleged that she also informed the VA Secretary that her managers engaged in racially discriminatory hiring and disciplinary actions. IAF, Tab 1 at 188, Tab 23 at 15. She claimed her reassignment was part of a larger scheme whereby the agency improperly divided its employees up into "groups of white and black employees," with the latter slotted into positions with no growth potential and labeled the "problem group." IAF, Tab 1 at 186. The administrative judge found that the appellant failed to establish that she made a protected disclosure with respect to her claims of race discrimination. ID at 19. We discern no reason to disturb this finding. As the administrative judge properly found, the law is well settled that disclosures pertaining to race discrimination and retaliation for EEO activity are not protected activity under whistleblower reprisal statutes. ID at 19; *Edwards*, 2022 MSPB 9, ¶¶ 10-25 (holding that the Board generally lacks jurisdiction to consider allegations of reprisal for an appellant's own Title VII disclosures and complaints in the context of an IRA appeal), *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023); *see McCray v. Department of the Army*, 2023 MSPB 10, ¶¶ 20-30 (holding that the Board generally lacks jurisdiction to consider allegations of reprisal for an appellant's own Rehabilitation Act disclosures and complaints in the context of an IRA appeal). Thus, on remand, the administrative judge may adopt her finding that the portion of the appellant's September 2014 or February 2015 disclosure regarding race discrimination and reprisal for EEO activity is not protected whistleblowing.

knew of the disclosure or activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *Pridgen*, 2022 MSPB 31, ¶ 63. The Board has held that a personnel action taken within approximately 1 to 2 years of an appellant's disclosures or activity satisfies the timing portion of the knowledge/timing test. *Id.* The Board has held that if an administrative judge determines that an appellant has failed to satisfy the knowledge/timing test, she shall consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed towards the officials taking the action, or whether these individuals had a desire or motive to retaliate against the appellant. *Dorney*, 117 M.S.P.R. 480, ¶ 15.

The administrative judge found that the appellant failed to address whether the proposing and deciding officials had knowledge of her alleged protected activity. ID at 19. However, she did not consider evidence other than knowledge and timing evidence. In fact, she made no finding as to whether the appellant established that her protected disclosures and activities were a contributing factor in her removal. On remand, the administrative judge should consider whether any of the appellant's remaining protected disclosure and activities were a contributing factor in her removal, including her first OSC complaint, her undated OIG complaint, her September or October 2014 OIG complaint, the underlying 2015 OSC complaint (MA-15-3632), and disclosures (3), (7), (8), and (10) to the extent the administrative judge determines they constitute protected disclosures.

Lastly, we vacate the administrative judge's alternate finding that the agency proved by clear and convincing evidence that it would have removed the appellant absent her protected activity. ID at 19-20; *see Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014) (noting that, under the Whistleblower Protection Enhancement Act of 2012, the Board may not proceed to the clear and convincing evidence test unless it first has made a finding that the

appellant established his prima facie case), *aff'd per curiam*, 623 F. App'x 1016 (Fed. Cir. 2015).[12] On remand, if the administrative judge determines that the appellant met her burden to establish that her protected disclosures or activities were a contributing factor in her removal, she must reevaluate whether the agency proved by clear and convincing evidence that it would have removed the appellant even absent her protected disclosures or activities.[13]

## ORDER

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication of the appellant's affirmative defenses in accordance with this Remand Order. Because the appellant's alleged protected disclosures and activities in this appeal overlap with those in the 0107-W-1 Appeal, which we are remanding in a separate order, on remand the Washington Regional Office may wish to join the appeals. In her remand initial decision, the administrative judge may adopt her prior findings that the agency proved its lack of candor charge and nexus and that the appellant failed to meet her burden of proving race and status-based disability discrimination and reprisal for EEO activity. The administrative judge should determine on remand whether any additional evidence developed, or findings made on remand affect her penalty

---

[12] In *Delgado v. Merit Systems Protection Board*, 880 F.3d 913 (7th Cir.), *as amended on denial of reh'g and reh'g en banc* (7th Cir. 2018), the U.S. Court of Appeals for the Seventh Circuit disagreed with *Clarke* on other grounds.

[13] The administrative judge found nexus between the sustained misconduct and the efficiency of the service. ID at 20-21; *see Ludlum v. Department of Justice*, 87 M.S.P.R. 56, ¶ 28 (2000) (finding nexus when the appellant's lack of candor affected the employer-employee relationship, and thus, impacted the efficiency of the service), *aff'd*, 278 F.3d 1280 (Fed. Cir. 2002). The appellant does not dispute, and we discern no reason to disturb, this finding.

analysis. If she determines that new penalty findings are not needed, the administrative judge may adopt her prior findings regarding penalty.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.